(105 So. 307)

No. 26486.

## BREWTON v. BREWTON.

(July 8, 1924. On the Merits, June 22, 1925. Rehearing Denied July 13, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Appeal and error ⬀794—Answering appeal and praying for amendment of judgment held abandonment of motion to dismiss.**

Where plaintiff moved to dismiss defendant's appeal because transcript was not complete, but thereafter filed answer to appeal, praying for an amendment of judgment in his favor, *held*, that plaintiff thereby abandoned motion to dismiss appeal.

On the Merits.

**2. Divorce ⬀156—Spouse in whose favor separation judgment rendered entitled to final divorce, if no reconciliation effected within one year.**

Under Act No. 25 of 1898, married person in whose favor judgment for separation was rendered has sole right to sue for and obtain final divorce, if no reconciliation has taken place within one year from date of judgment rendered, and where plaintiff exercised such right within two year period, during which defendant could not sue for divorce, judgment was properly entered, granting final divorce to plaintiff.

**3. Divorce ⬀298(1)—Custody of four year old child given to mother, residing with her parents. rather than to father. having no fixed abiding place and earning but small salary.**

In view of Act No. 25 of 1898 and Act No. 38 of 1921, amending Civ. Code, art. 157, *held*, that custody of four year old son would be given to mother, who had home with her father and mother, who were willing and able to assist in rearing child, rather than to father, who owned no home or property, and had no fixed abiding place, and was earning but a small salary, notwithstanding father was granted final divorce.

St. Paul, J., dissenting.

Appeal from Thirtieth Judicial District Court, Parish of La Salle; F. E. Jones, Judge.

Suit for separation by Noah Brewton against Mary Brewton, in which judgment, was rendered for plaintiff. Thereafter plaintiff prayed for final judgment of divorce, and defendant claimed a divorce in reconvention and asked for permanent custody of child. Judgment of absolute divorce was rendered in favor of plaintiff, and defendant appeals. Judgment amended, and, as amended, affirmed.

Moss & Peters, of Winnfield, for appellant.

Thornton, Gist & Richey, of Alexandria, and A. D. Flowers, of Jena, for appellee.

By Division A composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

On Motion to Dismiss Appeal.

O'NIELL, C. J. [1] The plaintiff moved to dismiss the defendant's appeal on the ground that the transcript was not complete. At the instance of the defendant, appellant, we issued a writ of certiorari to complete the record. Thereafter the plaintiff, appellee, filed an answer to the appeal, praying for an amendment of the judgment in his favor. The answer to the appeal has the effect of abandoning the motion to dismiss the appeal. The motion to dismiss is therefore overruled.

On the Merits.

LAND, J. Plaintiff and defendant were married on March 21, 1918, in the parish of La Salle. On April 1, 1921, plaintiff instituted suit in the district court of said parish for a separation from bed and board from his wife on the ground of abandonment, and prayed that he be given the permanent custody of his minor child, Perry Brewton, who was then over the age of two years. Defendant, in answer to this suit, claimed in reconvention a separation on the ground of cruel treatment and excesses on the part of plaintiff, and prayed for alimony for the support of her minor child in the sum of $20 per month. A compromise judgment was entered in the case, granting a separation a mensa et thoro to plaintiff, and pro-

viding that each of the parties should have the custody of the child for 6 months, alternately, and that each should be charged with the duty of support and care of the child while in his or her custody.

This judgment was rendered November 18, 1921.

On November 17, 1923, plaintiff filed a petition in the district court of La Salle parish, alleging that more than 12 months had elapsed since the rendition of said judgment, without any reconciliation between the parties, and prayed for final judgment of divorce.

Defendant, in answer to the suit for divorce, claims a divorce in reconvention, alleging that more than 2 years had elapsed since the date of the judgment of separation, without reconciliation between the spouses.

Defendant in her answer alleges that plaintiff is not entitled either to the provisional or permanent custody of said minor, for the reason that he is not a suitable or proper person to be intrusted with its care and custody; that he has no home or place at which to care for and provide for said child; that he has neither facilities nor means for keeping, maintaining, and educating said child in the proper manner; that plaintiff is an employee of the National Biscuit Company at a very small salary, and that, at best, he would be obliged to keep and maintain said child at the home of strangers and under circumstances that would not be conducive to the interest and welfare of said child; that plaintiff, on account of his employment, spends very little time with said child, and that these are conditions not conducive to the mental, moral, or physical development of the child.

Defendant alleges that she is in a position better to serve and promote the welfare and happiness of her minor child; that said child is of tender years, being then about 4 years of age; that defendant is a teacher in the public schools, and maintains her home with her father and mother, except when she is away from home following her profession; that her father is a Baptist minister, and that during the time that said child has been in her custody she has kept him at the home of her father, in La Salle parish, where the child was properly tutored and cared for; that defendant and her father and mother are able and willing to provide for every need of said child, and to rear him in such a manner that he will develop into a good and useful citizen, and, if the provisional as well as the permanent custody is granted to defendant, that his best interest will be subserved and his welfare and happiness assured.

Defendant prays for judgment for divorce in reconvention, and for the permanent custody of the child, and for a rule upon plaintiff to show cause why the provisional custody and control of said minor should not be awarded her during the pendency of the suit.

A judgment was rendered by the lower court, vacating and rejecting the demand of plaintiff in rule for the provisional custody of the child, from which judgment plaintiff in rule took a suspensive appeal, returnable to this court on February 11, 1924.

On February 12, 1924, judgment of absolute divorce was rendered in favor of plaintiff, awarding the permanent custody of the child to plaintiff, but decreeing:

"That defendant, Mary Brewton, shall have the right of visiting her son, Perry Brewton, as often as she desires, and that, during the months of June, July, and August of each year, she shall have the right of having her son, Perry Brewton, to visit her for a period of 90 days; that at the termination of the 90 days she must voluntarily return the said Perry Brewton to his father, Noah Brewton."

Defendant also appealed from the judgment to this court; the appeal being made returnable March 11, 1924.

Plaintiff has filed an answer here, praying for an amendment of the judgment appealed from, by striking therefrom the provision providing that during the months of June, July, and August of each year defendant shall have the right of having said minor visit her for a period of 90 days, and that, as amended, such judgment be affirmed.

[2] Act 25 of 1898 provides:

"That whenever a judgment of separation from bed and board shall have been rendered and no reconciliation between the spouses shall have taken place, the married person in whose favor the judgment of separation * * * shall have been rendered, may, *at the expiration of one year* from the date that the said judgment shall have become final, apply to and obtain from the court that rendered the judgment of separation from bed and board, a judgment of final divorce from the other spouse; and the married person against whom the judgment of separation from bed and board shall have been rendered may, *at the expiration of two years* from the date that the said judgment shall have become final, apply to and obtain from the court that rendered the judgment of separation from bed and board a judgment of final divorce from the spouse: Provided, that whenever a judgment of final divorce shall be obtained under the provisions of this act, by the husband against whom the judgment of separation from bed and board shall have been rendered the wife shall have the same rights for recovering alimony from the said husband as are now provided by law for cases in which the wife is plaintiff; *and provided further, that the provisions of this act shall in no way interfere with the rights of the spouse, who shall have obtained the judgment of separation from bed and board to retain the custody and care of the children as now provided by law."*

It is clear, from the provisions of this act, that the married person in whose favor the judgment for separation shall have been rendered has the sole right to sue for and obtain a final divorce, if no reconciliation between the spouses has taken place within one year from the date of the judgment rendered.

Plaintiff has exercised this right within the 2-year period, in which defendant could not sue for a divorce, and we see no good reason for disturbing that part of the judgment granting the final divorce to plaintiff in this case under the statute.

[3] The provision in Act 25 of 1898, however, as to the custody of the children, has been changed by Act 38 of 1921, which also amends article 157 of the Civil Code so as to read as follows:

"In all cases of separation *and of divorce,* the children shall be placed under the care of the party who shall have obtained the separation *or divorce;* unless the judge shall *for the greater advantage of the children,* order that some or all of them shall be entrusted *to the care of the other party."*

Article 157 of the Code originally contained the provision that:

"In all *cases of divorce,* the minor children shall be placed under the tutorship *of that party who shall have obtained the divorce."*

There was no discretion allowed the trial judge in such cases, Act 38 of 1921, however, permits a district judge now to consider the question of "greater advantage of the children" in awarding their custody, both in suits for divorce as well as in suits for separation from bed and board.

We are of the opinion that our learned brother of the district court has erred in awarding the custody of the child to the husband under the facts of this case.

The moral fitness of defendant to have the custody of her little son is expressly admitted by the judgment rendered, as it reserves to her the right to visit the child at all times, and also the right to have the child with her during the months of June, July, and August of each year.

The plaintiff owns no home, has no property, and no fixed abiding place. His salary is only $29 per week. While the child has been in his custody, it has drifted with its father from boarding house to boarding

house at least five different times, and has been in the hands of strangers. The father is away from it all day, while engaged in his work, and sees the child only at night.

The proper care and training of the child, under such conditions, are not possible. A child of such tender years needs the care of its mother, who is devoted to it, and able to support it, and who has a home with her father and mother, good and honest people, able and willing to assist in the rearing of the child, and in taking care of it during the mother's absence at school. The education of a child of such tender years necessarily can be provided for by the mother and its grandparents at home, and the expense of its support under such circumstances would be almost negligible.

There is, and can be, no place like home, for the molding of the character of the future citizens of this state, under the protecting care of a mother's love, and in the pure atmosphere of moral precept and good example.

In the case of Laplace v. Briere, 152 La. 240, 92 So. 883, this court said:

"There is no sufficient reason disclosed by the record why the plaintiff should not be awarded the custody and control of her child. The moral fitness of the plaintiff is not questioned. She makes her home with her mother, who appears to have means and a good home. * * * He is a city salesman for the Cudahy Packing Company, and is, only with the child at night. There is therefore no reason for saying that it would be for the greater advantage of the child to intrust it to the defendant. In the absence of such reason, we feel constrained to follow the statute and to place the child under the care of the mother, who is granted the divorce."

See, also, Hayden v. Hayden, 154 La. 717, 98 So. 162.

The judgment appealed from is therefore amended, so as to decree the permanent custody of the minor, Perry Brewton, to his mother, Mary Brewton, the defendant here-

in. It is now ordered that said judgment, as amended, be affirmed, and that appellee pay the costs of the appeal, and that the defendant pay the costs of the lower court.

ST. PAUL, J., dissents.