**(139 So. 486)**

**O'DWYER v. NATAL.**

No. 31437.

Jan. 4, 1932.

Richard A. Dowling, of New Orleans, for appellant.

C. A. Buchler and Ernest M. Conzelmann, both of Gretna, for appellee.

O'NIELL, C. J.

In a suit brought by Joseph O'Dwyer for a divorce, judgment was rendered in favor of the wife, rejecting the husband's demand and giving the wife a decree of separation from bed and board, as prayed for in her reconventional demand. After a year had elapsed the wife sued for and obtained a divorce, on the ground that there had been no reconciliation between the parties during the separation from bed and board. In the judgment of divorce, the judge decreed that, inasmuch as neither of the parties to the suit had prayed for the permanent care and custody of their minor children, Louis and Elizabeth O'Dwyer, they should be placed in the care and custody of their maternal aunt, Mrs. Joseph Hecker. Mrs. O'Dwyer has appealed from the judgment, complaining only of that part of it which denies her the care

and custody of her children, and which orders them placed in the care and custody of Mrs. Hecker.

It is true that Mrs. O'Dwyer did not pray for the care and custody of her children in her petition for the final divorce; but she did so pray in her reconventional demand in her answer to her husband's suit for a divorce. Mrs. Hecker, was not a party to this suit, or referred to anywhere except in the judgment of divorce. Article 157 of the Civil Code, as amended by Act No. 74 of 1924, p. 114, declares: "In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party. The party under whose care a child or children is placed, or to whose care a child or children has been entrusted, shall of right become natural tutor or tutrix of said child or children to the same extent and with the same effect as if the other party had died."

Our opinion therefore is that Mrs. O'Dwyer was entitled to have her children placed under her care, on the failure of the judge to find that it was for the greater advantage of the children that they or either of them should be intrusted to the care of their father. If the mother is unworthy of or unfit for this trust, the situation may be dealt with in another proceeding; perhaps in the juvenile court. There is no evidence of such unworthiness or unfitness in this suit.

The judgment appealed from is amended by adding thereto that the minor children, Louis and Elizabeth O'Dwyer, shall be placed under the care and in, the custody of their mother, Mrs. Agnes Natal O'Dwyer; and, as thus amended, the judgment is affirmed.