**164 So. 255**

**HIGGINBOTHAM et al. v. LOFTON et al.**

No. 33441.

Nov. 4, 1935.

C. H. McCain, of Colfax, L. ,R. Thomas, Madison, Madison & Fuller, of Monroe, for appellant.

John R. Hunter, of Alexandria, for appellee.

HIGGINS, Justice.

The mother petitioned the district judge to modify the original judgment of the court in which she was granted a divorce and her minor son awarded, to its father, the defendant, by granting to her the custody of the child on the ground that the father was morally unfit to care for the child and that she was a person of good moral character and in a position to care for it and give it a good home.

The defendant resisted the requested amendment of the judgment for the reason that just the converse of the alleged situation was true.

There was judgment awarding temporary custody of the child to its paternal great grandparents for the nine months

that the child attended school and to the mother or plaintiff for three months during the school vacation, with the further privilege to visit the child at any time. The plaintiff appealed.

The plaintiff, at the age of thirteen years, married the defendant on August 20, 1925. On July 12, 1926, a son was born of the union. The parents separated on February 19, 1927, and the plaintiff, with her infant child, returned to the home of her father and stepmother. Her stepmother refused to attend the baby while the plaintiff worked as a waitress in a restaurant, and she was compelled to place the child with her aunt, who called upon the defendant to take his child. He placed the baby with his grandparents.

Plaintiff instituted suit against defendant for a divorce on the grounds of adultery and judgment was rendered in her favor on May 24, 1929, but the defendant was granted the permanent custody of his minor son. It appears that this action was taken by the court because of the inability of the plaintiff to provide a home for her child, and because she consented, in writing, to let the father have the child. Later, both the plaintiff and the defendant entered into second marriages, plaintiff marrying a man who had a small son and defendant now has a child by his second wife. Defendant and his wife and child of his second marriage are also living with his grandparents.

The mother visited her son at the home of its great grandparents until a disagree-

ment arose and she was denied the privilege of seeing him.

On October 23, 1931, the present proceedings were instituted and the trial delayed until November 23, 1934, due to the fact that plaintiff was requested by the paternal great grandparents of the child not to disturb them in possession of it, as they had become attached to it, and, also, because of certain delays caused by the attorneys in the matter. The judgment appealed from was finally rendered on July 26, 1935.

The evidence conclusively shows that the plaintiff is a person of good moral character and happily married; that she and her husband, who operates a restaurant, own their home; that she treats her stepson with the same affection and attention as if he were her own child; and that she and her husband are in a position to take excellent care of and educate her son, in the event she is granted the custody of the child.

The evidence also clearly shows that the paternal great grandparents are people of good character and have treated the child with every consideration commensurate with their moderate means, and that he has in no way been neglected or his welfare prejudiced.

Without going into detail, we are of the opinion that the defendant is not a person of proper moral character to whom the child can be intrusted. This apparently was the conclusion reached by the trial judge, since he gave the custody of the child, alternately, to plaintiff and the great grandparents.

It is contended that the mother should not be granted the custody of the child, because she abandoned it when it was about nine months old and agreed, in writing, as well as in one of the allegations in her petition for divorce, to give the custody of the child to the father. We are convinced that circumstances over which she had no control compelled her to make that sacrifice, because of her extreme youth and inability to provide for the child. Furthermore, the record is conclusive that as soon as she was in a position to afford a comfortable home for the child, she repeatedly requested that she be given possession of her minor son. We are satisfied that she yielded to the pleas of the great grandparents not to disturb the child, because of their deep affection for it, and delayed bringing the matter to an issue.

The law is clear that a judgment awarding the custody of a child is not irrevocable. Pullen v. Pullen, 161 La. 721, 109 So. 400.

In the case of Newson v. Newson, 176 La. 694, 146 So. 472, we concluded that it was against the welfare of a child to give it alternately to each parent, and that it was in the interest of the child not to have a division of authority over it.

Article 157, Civ. Code, as amended, reads as follows:

"In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party. The party under whose care a child or children is placed, or to whose care a child or children has been entrusted, shall of right become natural tutor or tutrix of said child or children to the same extent and with the same effect as if the other party had died. (As amended, Acts 1921, No. 38; 1924, No. 74.)"

In interpreting this language, in the case of O'Dwyer v. Natal, 173 La. 1075, 139 So. 486, we held that the mother was entitled to have her children placed under her care, on the failure of the judge to find that it was for the greater advantage of the children that they should be intrusted to the care of their father. See, also, Brewton v. Brewton, 159 La. 251, 105 So. 307; Hayden v. Hayden, 154 La. 716, 98 So. 162. Here the trial judge did not reach such a conclusion. It is our opinion that the plaintiff is entitled to the care, custody, and control of her minor child.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be annulled and it is now ordered, adjudged, and decreed that there be judgment herein in favor of the mother and plaintiff Mrs. Lucille Higginbotham, granting unto her the permanent care, custody, control, and possession of her minor son, James W. Loftin; defendant to pay the costs of court.