**187 So. 555**

**BRUPBACHER v. BRUPBACHER.**

**No. 35154.**

March 6, 1939.

Harris Gagne, of Houma, and J. Y. Gilmore, of Morgan City, for appellant.

James R. Parkerson, of Franklin, for appellee.

LAND, Justice.

Plaintiff brought this suit for divorce from her husband, on June 25, 1938.

Plaintiff alleges that on June 24, 1937, she secured a judgment of separation from bed and board from him.

That more than a year has elapsed since the rendition and signing of this judgment, without a reconciliation having been effected.

That in this judgment the care and custody of the minor Dorothy G. Brupbacher was decreed to plaintiff for nine months each year and to defendant for three months each year, reserving to plaintiff and defendant the right to have the minor visit them during the respective periods, and that this decree was agreeable to plaintiff.

That the care and custody of the minor, Emil D. Brupbacher, was decreed in the judgment to the defendant, reserving the right to plaintiff to have the minor visit her at reasonable times, this also being agreeable to plaintiff.

That plaintiff is entitled to have a certain amount allotted to her each month for the support and maintenance of the minor, Dorothy G. Brupbacher, while in plaintiff's care and custody.

Plaintiff prays for judgment, in her favor and against defendant, divorcing her from defendant, and decreeing to plaintiff and defendant the care and custody of the minors, Emil D. Brupbacher and Dorothy G. Brupbacher, as now existing by judgment of the court, of date June 24, 1937, with reasonable amount allowed plaintiff each month for the maintenance and support of the minor, Dorothy G. Brupbacher, while in plaintiff's care and custody.

Defendant in his answer admits all of the allegations of plaintiff's petition, except the claim for the support and maintenance of the minor, Dorothy G. Brupbacher, while in the care and custody of plaintiff, and prays that the demand of plaintiff for divorce be dismissed, and that defendant be granted the permanent care and custody of the minor Dorothy G. Brupbacher and be declared the natural tutor of both of the minors.

(1) On the trial of the case, the judgment of separation from bed and board, of date June 24, 1937, was offered and filed in evidence. Plaintiff testified that no reconciliation had been effected between her and her husband since the granting of the separation from bed and board. That at the time plaintiff secured the care and custody of the minor, Dorothy Brupbacher, she stayed with plaintiff nine months, from September 1st to the last day of May; that she was perfectly contented; however, that she was away one month with her father in Baton Rouge, and when she returned she was a little distant, but finally she was very lovable.

That plaintiff lives with her mother and stepfather in Franklin, St. Mary Parish, and works for a living. That plaintiff has a comfortable home where this little girl can come, with all the necessities required for her comfort, and that she has never complained about the treatment received while in plaintiff's care and custody.

Plaintiff further stated that a child of Dorothy's age needs the loving care and attention of its mother more than at any other time.

Plaintiff is fully corroborated in her testimony, both by her mother and her stepfather, as to the kind treatment of the child, and as to the fact that there had been no reconciliation.

■ Where more than a year has expired since the date of the judgment of separation, and no reconciliation has taken place, a final divorce must be granted. Rev.Civ.Code, art. 139.

■ (2) In the judgment rendered for divorce, the trial Judge has let the custody of the children remain undisturbed.

Plaintiff, who obtained both of the judgments of separation and of divorce against the defendant, has not answered the appeal by defendant from the latter judgment, and prayed for an amendment of the same, awarding both of the children to her custody.

The mere fact that defendant, the father, and the son placed in his custody,

occupy an apartment in Baton Rouge; that the son was already a student at the Louisiana State University, and that the daughter desired to join her father and her brother and enter the University High School Department for preparation as a candidate for the university courses, does not constitute, in our opinion, a sufficient reason why this young girl of fifteen, who needs her mother's guidance and protection, should be taken from the custody of her mother, a person admittedly fit for such charge, and turned over to the defendant, the father.

This young girl had already attended the High School in Franklin, St. Mary Parish, for one session. Her educational advantages had not been neglected by her mother.

Besides, the defendant is a bus driver and is not at his apartment in Baton Rouge a large part of the time. The son is also absent from the apartment while attending the State University.

When the mother is at work, the grandmother of this young girl is at home in Franklin, to look after her, and there is no more tender and devoted guardian than the grandmother, in whose heart the maternal affection blossoms anew for the grandchild.

We fully agree with the mother in her testimony in this case, that "a child at that age needs the loving care of its mother more than any other time"; and this situation is not changed, in our judgment, by the fact that these two children had never been separated before.

(3) The judgment appealed from decrees that defendant pay to plaintiff, for the maintenance and support of his minor daughter, Dorothy G. Brupbacher, while in the care and custody of plaintiff, the sum of twenty dollars ($20.00) per month.

Defendant is a bus driver from Houma to Baton Rouge, and, in addition to his average monthly salary of $120, also receives a pension from the Federal Government of $13 per month.

The minor is of the age of fifteen years, and has but one more session before finishing in High School. She is now on the threshold of young ladyhood. The allowance of $20 per month for her maintenance and support was not deemed unreasonable by the trial Judge, and we concur in the conclusion reached by him.

Judgment affirmed.