HIGGINS, Justice.
 

 The father, claiming the superior right over the mother to the custody of their sixteen year old daughter, instituted habeas corpus proceedings on the ground that for a period of more than two years previous to the filing of this suit, his wife, without cause, voluntarily abandoned him and their four children, and that she is an unfit person to have the custody of their daughter Esterline.
 

 The defendant, in her return, admitted that she left their home, but averred that it was because of the continuous cruel treatment by her husband who repeatedly came home drunk and severely beat her. She denied that she is morally unfit to care for her daughter, and averred that her husband had brutalized the girl and made improper advances to her.
 

 The trial judge awarded the custody of the daughter to the father, and the mother applied to this Court for writs of certiorari, mandamus and prohibition, ■ which were granted with a stay order.
 

 The record shows that the couple were married in August, 1925, and there were four children born of the union, the ages ranging from nine to sixteen years; that the father repeatedly caused disturbances in the neighborhood by administering severe beatings to the wife, with the result that on several occasions he was arrested; that the parents separated a number of times on account of his cruel conduct and more than two years ago the mother left the home; that as she was unable to provide for her children, she left them with the father after asking the neighbors to generally look after them; that she then went to reside with her mother; that although the father had forbidden the children to see her, from time to time she went to the schools they attended and saw them; that during the month of April, 1942, after the father had cruelly beaten their sixteen year old daughter, she borrowed $3 from a lady in the neighborhood and went to her mother; and that upon the girl’s refusal to return home, the father instituted this suit.
 

 The plaintiff was the only witness in his behalf, and while denying that he had any improper intentions towards his daughter or that he had twisted her breasts, he admitted that on one ocasión he beat her with his hands on the face, back and thighs, and on another occasion he whipped her with a belt. He stated the reason for the incompatibility with his wife was that she wanted to spend money and “run around”. He admitted that he came home drunk and beat his wife, and on a few occasions the police were called and they put him in jail.
 

 
 *869
 
 The mother testified that the husband repeatedly brutalized her while in a drunken condition and that it was necessary to seek police protection; that she left her home and children, because her husband made life unbearable that she left the children with him as she was in indigent circumstances; that she saw the bruises on her daughter’s body, which had been inflicted by the father, and that a neighbor had warned her of the father’s" improper attitude towards his daughter; that she was working as a housekeeper for a reputable family and was able to provide for her daughter and that they lived happily together- in a good environment; and that she had always properly conducted herself and had given her husband no reason to either be suspicious of her or to mistreat her.
 

 The daughter, who attended high school for a while before she undertook to manage the house for her father, testified that he was very severe- with her and that he had beaten her badly several times-, without any provocation; that he twisted her breasts severely, bruising them, and insisted that she bathe him; and that, becoming alarmed, she left home and went to her mother.
 

 The daughter of'the mother’s employer stated that the mother and girl were living happily in their household; that the mother had always acted properly; and that she was able to provide for her daughter.
 

 It is our opinion that the evidence in this case preponderates in favor of the mother showing that it is to the best interest of the girl to remain with her, and that the trial judge erroneously issued the writ of habeas corpus and granted the custody of the girl to the father. Higginbotham v. Lofton, 183 La. 489, 164 So. 255; State ex rel. Burleigh v. Savoie, 185 La. 985, 171 So. 98; and Person v. Person, 172 La. 740, 135 So. 225.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court is annulled and set aside, and it is now ordered that the plaintiff’s application for a writ of habeas corpus is dismissed, at his cost.
 

 ROGERS, J., absent.