18 So.2d 321

**BLACK v. BLACK.**

No. 36929.

April 17, 1944.

Rehearing Denied May 22, 1944.

Durrett & Hardin, of Baton Rouge, for appellant.

Sanders & Miller, of Baton Rouge, for appellee.

ROGERS, Justice.

Plaintiff sued his wife for divorce on the ground of two years separation as provided by Act No. 430 of 1938 and for the permanent custody of their two children, both girls, respectively seven and eleven years of age. Judgment was rendered by the district court granting plaintiff a divorce and awarding him the permanent care of the minor children of the parties, subject to the condition that the children, at the completion of the school term, should be permitted to spend the vacation period with their mother. From this judgment defendant has appealed.

There is no dispute as to the facts showing that the parties have not lived together as husband and wife for more than two years prior to the institution of the suit, and the defendant does not question the correctness of the judgment of the district court so far as it grants plaintiff an absolute divorce.

Defendant's complaint is that the judgment is incorrect so far as it awards plaintiff the permanent custody of their two minor children, and the primary question to be determined on the appeal is whether plaintiff or defendant shall be awarded the custody of their children. The secondary question to be determined is the amount of alimony to which defendant is entitled for the support of the children in the event the court should hold that she, instead of plaintiff, is entitled to their custody.

Article 157 of the Civil Code, as amended by Act No. 38 of 1921 and Act No. 74 of 1924, reads in part as follows: "In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party. * * *"

■ Under the provisions of the code article, as amended, the custody of children whose parents have been legally separated or divorced is left largely to the discretion of the trial judge under the circumstances shown to exist when he is called upon to act. This discretion, however, is not unlimited, but is subject to review and control by this Court.

■ Where this Court is unable to concur in the conclusion reached by the trial judge that it is for the greater advantage of the children they should be entrusted to the care of the father rather than the care of the mother, the mother is entitled to have the decree annulled and the custody of the children awarded to her. Brewton v. Brewton, 159 La. 251, 105 So. 307; Hig-

ginbotham v. Lofton, 183 La. 489, 164 So. 255.

We have great respect for the opinion of the trial judge, but we think that he erred in awarding the custody of the children to Mr. Black under the facts of this case.

The parties were married at Jackson, East Feliciana Parish, on November 30, 1926. Later they removed to Clinton in the same Parish. In June, 1940, while living in Clinton, the parties separated. Following their separation, Mrs. Black retained the custody of the children until December, 1941, and cared for them during this period at the home of her parents in Tuscaloosa, Alabama. In the latter part of December, 1941, Mr. Black visited the children at Tuscaloosa and, according to Mrs. Black, she permitted Mr. Black to take the children to Clinton for the Christmas holidays. Instead of returning the children to Mrs. Black after the holidays, Mr. Black retained their custody and placed them in school at Clinton, which he contends he was authorized to do under his agreement with Mrs. Black. At the end of the school term Mr. Black continued to retain the custody of the children, claiming that his action in that respect was due to the necessity for an operation on one of the girls and her subsequent disability and his financial inability, when the child had sufficiently recovered, to make the trip to Charleston, South Carolina, where Mrs. Black was then residing.

The operation to which Mr. Black refers was the removal of the adenoids and tonsils of the younger child. Mr. Black never informed Mrs. Black of the necessity for the operation, and she learned of the operation only after it had been performed, receiving the information from her brother who, in turn, had received it from Mr. Black.

Mr. Black shows that he has taken as good care of the children as it is possible for him to do with the help of his neighbors and a colored woman. The colored woman does not live on the premises and works only through the noon hour, but when Mr. Black has to be away, she stays on the premises both night and day to take care of the children.

In her answer, Mrs. Black alleged that Mr. Black was not a proper person to have the custody of the children because of his excessive drinking. This allegation from necessity was based on defendant's conduct prior to their separation. On objection of Mr. Black's counsel, the trial judge ruled that the evidence as to the alleged excessive drinking of Mr. Black should be restricted to the time elapsing from the separation of the parties. However, on cross-examination, Mr. Black admitted that some years ago he did drink intoxicating liquors to excess, but he denied that he had done so in the last few years admitting, however, that he did take a drink occasionally. Mr. Black further admitted that in July of 1940 he suffered a nervous breakdown, necessitating his treatment in a hospital where he remained ten days.

Mrs. Black is employed at the Stark General Hospital, a government hospital at Charleston, South Carolina, where she is the head of the occupational therapy department at an annual salary of $1800. She occupies a five-room apartment well situated as to social surroundings, schools and churches. Mrs. Black reports for work

at eight o'clock and is off at 11:30 in the morning. She returns to work at 1:30 and works until 4:30 o'clock in the afternoon. She does not work on Saturday afternoon nor on Sunday. She employs a reliable colored woman to look after her home. If Mrs. Black is awarded the custody of her children, this colored woman will report for work at eight o'clock in the morning and remain until Mrs. Black returns home in the afternoon. The house is also connected by telephone with the hospital where Mrs. Black is employed.

The paramount consideration in determining to whom the custody of a child should be granted after a divorce is the welfare and best interest of the child. This is the rule laid down by Article 157 of the Civil Code, as amended, which has been followed consistently by this Court in its decisions.

■ The age and sex of the child are important considerations, and the preference is always given to the mother who is not shown to be unsuitable therefor in awarding custody of children, especially girls. Brewton v. Brewton, 159 La. 251, 105 So. 307; Newson v. Newson, 176 La. 694, 146 So. 472; Kammer v. Reed, 176 La. 1091, 147 So. 357; Higginbotham v. Loften, 183 La. 489, 164 So. 255; Brupbacher v. Brupbacher, 192 La. 219, 187 So. 555; Hattier v. Martinez, 195 La. 473, 197 So. 146.

Mr. Black does not allege that Mrs. Black is for any reason disqualified by her conduct or her character to have the custody of her children, and no testimony to that effect is in the record. The trial judge in his reasons for judgment states that both

"plaintiff and defendant are above the average in intelligence, character and habits and it is apparent that they are both devoted to their children and that the children are devoted to both their father and mother."

The evidence not only shows that Mrs. Black is fit for the charge, but also that she is in a position to adequately care for her children.

■ In the most favorable view of the case from the standpoint of Mr. Black, the situation presented is one where both parents are well situated and qualified to care for the children. Hence, there is no reason why the custody of the children should not be given to Mrs. Black. They are both girls of tender years and need a mother's constant care and attention.

■■ Mrs. Black has asked for alimony for the support of her children, although she testified that she desires their custody regardless of whether Mr. Black be ordered to pay alimony for their support. We see no reason why Mr. Black should not be required to pay something towards the support of his children. It is the duty of a father to contribute to the support of his child. Civil Code, art. 229. This duty rests upon the father during the minority of the children and is not effected by divorce or separation. The fact that Mrs. Black is earning more than Mr. Black does not relieve Mr. Black of the obligation of contributing to the support of his children, although it may justify the award of a less amount than would be granted in case Mrs. Black was in necessitous circumstances. The evidence shows that Mr. Black is earning net about $112 a month. Under the

circumstances, we think Mr. Black, without suffering any undue hardship, could contribute $30 a month towards the support of his minor children.

For the reasons assigned, the judgment appealed from so far as it awards to Sim S. Black the permanent care, custody and control of his minor children, issue of his marriage to Mrs. Lucille Barton Black, is annulled, and it is now ordered that there be judgment in favor of Mrs. Lucille Barton Black and against Sim S. Black awarding Mrs. Lucille Barton Black the permanent care, custody and control of her minor children, issue of her marriage with Sim S. Black. It is further ordered that Sim S. Black be condemned to pay to Mrs. Lucille Barton Black for the support of their minor children the sum of Thirty Dollars ($30) per month, beginning on the date that this judgment becomes final, all costs of suit to be paid by Sim S. Black.

ODOM, J., absent.