DIXON, Judge.
The only question on appeal is the custody of two children of the marriage between Ralph H. Morrow, Jr. and Sandra Ann Bor-delon Morrow. The children — both girls— were 23 months and 13 months of age when the first petition in this suit was filed on August 11, 1967.
The first petition in this case was for divorce on the ground of adultery, coupled with a demand by the husband and father of the children for their custody. The defendant answered and reconvened. She alleged that she had obtained a divorce decree in Arkansas and had subsequently remarried. She also alleged that in a previous suit which she had brought against her husband in Jackson Parish, child support in the amount of $20 a week had been fixed, but that her husband had failed to pay and should be cited for contempt.
The plaintiff and defendant were married in Jackson Parish, Louisiana on April 22, 1965. They separated about October 1, 1966. Mrs. Morrow filed a separation suit thereafter and obtained a judgment of child support in December, 1966. Mr. Morrow also filed a suit against his wife; neither suit is included in the record before this court. In January or February of 1967, Mrs. Morrow instituted suit against her husband in the Chancery Court of Union County, Arkansas, and was awarded a divorce on March 17, 1967, “on the ground of nonsupport.” Mrs. Morrow was not a resident of Arkansas nor was she domiciled in that state, and testified that she did not even spend a night in Arkansas. Her husband was not served, and made no appearance. The trial court correctly ruled that the Arkansas court was clearly without jurisdiction.
On the 18th day of March, 1967, the day after the Arkansas divorce was rendered, a marriage license was issued in Jonesboro, and on the 24th of March, Mrs. Morrow was married to Paul C. Blood. Those two then established a matrimonial establishment in Jackson Parish. It is this relationship with Blood which forms the basis of Mr. Morrow’s demand for divorce on the ground of adultery and for custody of the children. It is his position that, since Mrs. Morrow knew or should have known that the Arkansas decree was invalid, she was living in open and notorious adultery with Blood.
Mrs. Morrow contends that she was in good faith in obtaining the Arkansas decree, having been advised by lawyers in Louisiana and Arkansas, and that there was no immorality involved in the relationship.
After finding the Arkansas decree invalid, the trial judge held that the relationship between Mrs. Morrow and Mr. Blood was an adulterous one, entitling the plaintiff to a divorce. He held that it was not *395 to the best interest of the children that they be left with their mother. There was judgment in the trial court granting the plaintiff an absolute divorce and awarding him the custody of the children. The defendant does not appeal from that portion of the judgment awarding the divorce, but only from the award of custody.
There was no other evidence from which it could be concluded that the mother was an unfit person for the custody of her children. The only persons who testified at the trial were Ralph Morrow, Jr., Sandra Ann Bordelon Morrow, and Mrs. Lorraine Morrow, the mother of the plaintiff. There was no evidence that the children had been neglected or exposed to an environment that would damage their character.
The trial court awarded the custody of the children to Mrs. Lorraine Morrow, the mother of the plaintiff. The plaintiff was in the armed forces at the time of the trial. His father was an invalid. His mother was employed, but testified that she had domestic help which could take care of the children.
There are the strongest reasons why the custody of children of tender years should be awarded to the mother. See Black v. Black (1944), 205 La. 861, 18 So.2d 321, and cases there cited. Certainly there are cases when it is, in the language of Civil Code Article 157, “for the greater advantage of the children” that infants be removed from the custody of their mother and placed in the custody of the father; those cases, however, are rare. Sampognaro v. Sampognaro (1949), 215 La. 631, 41 So.2d 456.
The children in this case have lived with their mother, except for a brief interval, since their birth. The trial judge allowed the children to stay in the possession of the mother after hearing the last testimony on October 31, 1967. He rendered a judgment on February 13, 1968 but permitted the children to remain with their mother until the judgment was signed, on February 16, 1968, when there was a motion for a new trial filed. The Court then allowed the children to stay with their mother until March 15, 1968, when he overruled the motion for a new trial. It is obvious and apparent that the condition of the children was not such as would clearly require a court to remove them from the custody of their mother.
Even though the illegal Arkansas divorce and the subsequent remarriage of the defendant resulted in an adulterous relationship, these circumstances do not demonstrate the moral unfitness of the mother to care for her babies. She was aided by at least one lawyer, and permitted by a judge, to participate in proceedings cloaked with apparent authority to terminate her first marriage, and was granted the apparent sanction of the law for the second by the issuance of a marriage license and the performance of a wedding ceremony. Such a diligent effort to observe the formalities required by law and society is not, standing alone and unexplained, evidence of immorality, and there is no other evidence in the record from which we could conclude that it is for the best interest of the children to remove them from their mother and award their custody to the grandmother.
Plaintiff-appellee has filed a motion to remand, which he requested if this court “should find that there is insufficient evidence in the record to support the findings of the Trial Court or should have any doubt as to the propriety of the custody award.” The record does not reflect, nor does counsel contend that plaintiff was prevented in any way from presenting other evidence on the trial of the cause, if, indeed, there were other evidence. The motion to remand is not well-founded.
The judgment rendered herein which awarded the custody of the children, Sherry Lynn Morrow and Linda Gayle Morrow, to Mrs. Lorraine Morrow is reversed, and it is now ordered, adjudged, and de *396 creed that there be judgment in favor of the defendant-appellant, Sandra Ann Bor-delon Morrow, awarding her the custody of Sherry Lynn Morrow and Linda Gayle Morrow, the children of the marriage formerly existing between her and Ralph H. Morrow, Jr.; the cost of this appeal to be borne by plaintiff-appellee.