STOULIG, Judge.
This suit involves a dispute over the custody of the two daughters of June Ayres Couty and Leo L. Couty, now legally separated. The parties were married in 1956 and established their matrimonial domicile in St. Bernard Parish. Of this union were born three children: Julee Ann, Lisa Lee and Christopher L. Couty, aged at the time of trial 11, 8 and lJ/$ years, respectively.
On September 10, 1968, June Couty, upon the advice of her attorney, left the matrimonial domicile and moved with her three children to the home of her parents in Metairie, Louisiana. Allegedly, her relationship with Leo Couty had deteriorated to the point that it was adversely affecting the children, and she was physically ill and in a mentally wrought condition. The children were placed in a public school but had difficulty adjusting and wanted to return to- the Christ Lutheran School in which they were formerly enrolled. Several weeks later, she voluntarily and extra judicially surrendered their custody to her husband in order that they could be readmitted to the school which they had previously attended.
Shortly thereafter, Mrs. Couty, with her infant son, moved to Baton Rouge where she commenced working for the State Department of Labor. She resided there until February of 1969, at which time she returned to her parents’ home. That same month she was hospitalized and underwent three operations. After a three-month recuperative period, she returned to Baton Rouge where she worked for one month before being transferred, at her request, back to New Orleans in May of 1969.
In the meantime, on January 23, 1969, Leo Couty filed a suit for separation from bed and board praying that he be granted custody of the two minor daughters, Julee and Lisa, and asked that the custody of their minor son be awarded to his wife. In her responsive pleadings, filed on May 21, 1969, Mrs. Couty formally requested the custody of her two minor daughters. On June 9, 1969, a rule for custody was filed and tried on July 1, 1969, resulting in a judgment on July 8, 1969, granting the temporary custody of the two minor daughters to Leo Couty and the temporary custody of the minor son to his wife.
On the trial of the merits it was stipulated by counsel that Mrs. Couty would present no evidence in opposition to the separation, leaving as the only contested issue the custody of the two girls. A judgment of separation was rendered in favor of Leo Couty which awarded him the custody of the daughters and granted to June Ayres Couty the custody of the remaining child.
The only question presented by this appeal is whether the lower court committed reversible error in awarding the custody of the minor girls to their father.
LSA-C.C. art. 157 provides that in cases of separation and of divorce the party who shall have obtained the judgment also obtains custody of the children unless the judge shall determine that it is to the greater advantage of the children that some or all of them be entrusted to the care of the other party.
The jurisprudence, in interpreting article 157, has consistently held that the trial judge be given a wide range of discretion in custody disposition. However, this discretion is circumscribed by other equally well-established rules, also derived from article 157.
The foremost of these is that the primary consideration in making custody determinations is the welfare of the children. In discussing this point the Louisiana Supreme Court in White v. Broussard, 206 La. 25, 18 So.2d 641 (1944), stated at page 642:
“Our lawmakers long ago very sagaciously turned from the antiquated theory of punishing the party cast in a divorce proceeding to the far more important consideration of the welfare of *401 those children that are unfortunately and unhappily swept along in the turbulent wake of dissolved marriages * *
In fulfilling this objective the courts have consistently held that it is for the best interest and welfare of these children that the mother be awarded their custody, unless she is shown to be morally unfit or otherwise unsuitable. The Fourth Circuit summarized this rule in Tullier v. Tullier, 140 So.2d 916 (La.App.1962), at page 919:
“ * * * [T]he general rule is that the mother’s right to the custody of the children, especially when they are of tender age, is paramount to that of the father, and such right should not be denied unless she is morally unfit or otherwise unsuitable, and it is only in exceptional cases where it is to the greatest advantage of the children that their custody is entrusted to the father. [See omitted citations.]”
A review of the record by this court fails to reveal any evidence, whatsoever, which would indicate that Mrs. Couty is morally unfit or in any way less than fully capable of caring for her children in a satisfactory manner. To the contrary, all 14 witnesses, including Leo Couty, who testified at trial were unanimous in stating that she was a capable and fit mother. Though she is presently employed there is no apparent reason why she cannot care for the children. She makes a substantial salary and lives in Metairie with her parents, both of whom testified that they are willing and are physically, as well as financially, able to help her care for the children.
The only statement by the learned trial judge regarding his decision relative to the custody of the children appears in his written reasons for judgment, in which he states: .
“Relative to custody, the Court was not convinced of defendant’s alleged reasons for leaving the family domicile, and the Court considered the prolonged absence and separation by the defendant to be both an abandonment of the two minor daughters as well as of their father. * * *"
With this conclusion we cannot agree. A review of the testimony contained in the record shows that at the time of Mrs. Couty’s decision to temporarily place the children with their father (and there was no evidence introduced which would indicate that it was ever intended to be a permanent solution) she was confronted with the need for surgery and was in a highly nervous condition and was motivated by what she considered were at that time the best interests of the children. During the time she was in Baton Rouge she continually exercised her visitation rights with the children and has evidenced her deep love and vital concern in their future welfare and happiness.
Faced with a similar situation in Tullier v. Tullier, supra, the court stated at page 920:
“ * * * Our jurisprudence teems with cases wherein the mother who was forced by reasons of temporary conditions to allow the father to have the children was permitted to reclaim them when she attained the ability of caring for them. It may be true in this case thát the children might know their father better because of the three years they have been in his custody, but that circumstance does not constitute a reason for denying their custody to the mother. Unfortunately, until recently, she was in no position to claim them. We are unable to conclude that it would be to the greater advantage of the children to leave them with the father. Young minds respond readily to influences such as love, association and environment, and we cannot believe a change in custody would adversely affect the children’s welfare.”
*402 We are convinced that Mrs. Couty never intended to abandon her daughters or permanently part with their custody when she surrendered them to her husband. Upon regaining her health and returning to New Orleans she began her efforts to regain the children’s custody. Her diligence in pursuing this action evidences her earnestness and strong desire to obtain custody and control over all three of her children.
The fact that the children are apparently well adjusted and properly cared for by their father is not controlling, particularly since the court is of the opinion that they would be equally well provided for by the mother. What is more important is the paramount right of the mother to have custody of her children. This is especially compelling in the instant case where the girls are approaching an age when a mother’s guidance and counsel are so very necessary to their proper development. In Black v. Black, 205 La. 861, 18 So.2d 321 (1944), the Supreme Court of Louisiana stated at page 323:
“The age and sex of the child are important considerations, and the preference is always given to the mother who is not shown to be unsuitable therefor in awarding custody of children, especially girls. Brewton v. Brewton, 159 La. 251, 105 So. 307; Newson v. Newson, 176 La. 694, 146 So. 472; Kammer v. Reed, 176 La. 1091, 147 So. 357; Higginbotham v. Lofton, 183 La. 489, 164 So. 255; Brupbacher v. Brupbacher, 192 La. 219, 187 So. 555; Hattier v. Martinez, 195 La. 473, 197 So. 146.”
Nor has the court overlooked the desirability of maintaining the family as a unit as far as is possible. Since the entrustment of the minor son Christopher to his mother is not in dispute, the award of custody of the daughters to their father would have the effect of dividing the family and denying to the children one of life’s most rewarding experiences, that being the experience of growing up as siblings in a family unit.
In the recent case of Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969), the Supreme Court, in discussing this subject, stated at page 843:
“The separation of children of a family, though sometimes necessary, is a custodial disposition that courts seek to avoid. Normally, the welfare of these children is best served by leaving them together, so they can have the full benefit of companionship and affection. When feasible, a court should shape its orders to maintain family solidarity. See Rose v. Rose, La.App., 177 So.2d 659.”
These children, who are the real victims of this unfortunate separation, have already suffered a devastating blow. To cause an additional separation by dividing the family for custodial purposes without compelling reasons for doing so would only compound their loss and would be detrimental to their best interests and welfare.
For the foregoing reasons, that portion of the judgment of the lower court before us on appeal regarding custody is reversed, and it is ordered, adjudged and decreed that the rule for custody be made absolute and that there be judgment in favor of Mrs. June Ayres Couty against Leo L. Couty granting unto her the permanent care, custody and control of the two minor children Julee Ann Couty and Lisa Lee Couty; however, reserving to the father the rights of reasonable visitation.
Costs of this appeal are to be borne by Leo L. Couty.