TUCKER, Judge.
The defendant in the original suit for a separation from bed and board, Connie Lorraine Gould McManus, brought this rule against the plaintiff in the original suit, Jackie L. McManus, in which she seeks the permanent care, custody and control of the minor children of the marriage, namely, Caroleigh McManus and Michael David McManus. The parties litigant were judicially separated by judgment signed on February 13, 1970. By stipulation it was agreed between the parties that the physical custody of the children would remain with the father for the time being, and the judgment in the separation suit provided that the “issue of custody is pre-termitted” and left in abeyance “without prejudice to either party for subsequent determination”. The present proceeding by rule was filed on April 9, 1970, and after a hearing, the court a quo granted the permanent care, custody and control of the said minor children to their mother, plaintiff in rule, by judgment signed on June 12, 1970. From this judgment the defendant in rule appeals.
The defendant in rule assigns as errors committed by the trial court the following:
1. “The trial judge did not consider the ultimate best interest and welfare of the children, but concerned himself for the present, considering the mother’s psychiatric history with ‘the safety of the children’, contra the established jurisprudence.
2. “Further error is manifest, declaring the determinative factor to be the presumption in favor of the mother, which should not have been decisive of the custody issue, considering both the facts and the jurisprudence.
3. “The lower court erred in substituting recognized standards in custody cases, which discretionary acts were contrary to the jurisprudence of this state.”
The facts of the case are relatively uncomplicated and not substantially in dispute. Mr. and Mrs. McManus apparently reached the proverbial parting of the ways, culminating in Mrs. McManus leaving the matrimonial domicile on October 24, 1969. She repaired to the home of her parents during a period of adjustment, and when she was able to secure individual living quarters and establish a stable environment for the caring of the children, she initiated this proceeding for custody within less *500 than two months from the date of the separation judgment. From the date of their separation to the filing of this rule, approximating five months, the children had remained with their father under his tutelage and control. The right of either party to pursue the course epitomized by this rule was specifically reserved in the separation proceedings and the eventual judgment therein.
Other than the testimony of a psychiatrist, Dr. Allan M. Johnstone, that Mrs. McManus had been under his treatment for incidents of depression, and which had evidently occasioned her being hospitalized at the Dixon Memorial Hospital, Denham Springs, La. for several days, commencing on April 13, 1970, and on a previous occasion for a short time in October of 1969, there is no evidence worthy of note suggestive of shortcomings on the part of either party to this litigation with reference to comparative ability to perform the duties and responsibilities required of a parent in exercising control over and the rearing of the children. It is true that several lay witnesses, including the mother of defendant in rule, testified in substance that the children had received proper and good care while the father maintained his physical custody over them from the date of the separation decree. Some of these witnesses also testified that they had observed Mrs. McManus in night clubs on occasion after the separation in company with men whose identity was unknown to the witnesses.
Dr. Johnstone, as might be expected, evidenced in his testimony a preoccupation with the welfare of his patient, plaintiff in rule. He did say (Tr. 77) that “her assets far outweigh her handicaps.” Counsel for defendant in rule complains that the trial judge was incorrectly primarily concerned with the “safety” of the children in the event their custody was awarded to Mrs. McManus rather than under whose custody, care and control their welfare, interest and manifest advantage would be best served. We think in this connection that counsel has misinterpreted the expression of the trial judge. The evidence taken as a whole does not indicate any disparity or lack of capability in the parental field on the part of Mrs. McManus with the exception of her mental depression which had twice occasioned her hospitalization. Under these circumstances a trial judge would naturally propound such a question in order to convince himself that an award of the childrens’ custody to Mrs. McManus would not endanger them if plaintiff in rule again experienced her depressive problem. Although Dr. John-stone’s answers on this score are to a degree evasive, his testimony certainly does not indicate that he suspects the plaintiff in rule would do violence to her children.
Therefore, the main issue with which we are confronted is whether or not the trial judge abused his discretion in awarding the custody of the children to Mrs. McManus, and this determination involves the application of the jurisprudence under the provisions of C.C. Art. 157, the pertinent parts of which article are quoted as follows:
“In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party.” * * *
 Prior to the amendment of said Article 157 by Act No. 38, Ex. Session of 1921, the custody of children was awarded to the successful party who obtained the judgment of separation or divorce, but this article of the civil code has been changed and altered by the said amendatory enactment so that the trial judge is accorded great discretion in determining the party or parties to whom the care, custody and control of minor children should be reposed in order that their welfare, interest and manifest advantage be best served. The courts of this state have consistently *501 held that a divorced or judicially separated mother has a paramount right over the father to the custody, maintenance and control of the minor children of the marriage, absent evidence that she is morally or otherwise unfit to exercise such care, custody and control. The following excerpt quoted from the case of White v. Broussard, 206 La. 25, 18 So.2d 641 (1944) clearly evinces this legal principle, to-wit:
“Our lawmakers long ago very sagaciously turned from the antiquated theory of punishing the party cast in a divorce proceeding to the far more important consideration of the welfare of those children that are unfortunately and unhappily swept along in the turbulent wake of dissolved marriages when, in adopting Act No. 38 of 1921, Ex.Sess., they added to Article 157 of the Revised Civil Code, containing the provision that ‘In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce,’ the further discretionary stipulation ‘unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party.’
“In applying this provision, the courts have consistently held that the right of the mother to the custody of the minor child is paramount to that of the father, unless, in his discretion, the trial judge conchides it is for the greater advantage of the child that it he entrusted to the care of the father, which conclusion is, of course, subject to review by us. Brewton v. Brewton, 159 La. 251, 105 So. 307; O’Dwyer v. Natal, 173 La. 1075, 139 So. 486; Higginbotham v. Lofton, 183 La. 489, 164 So. 255; and the very recent case of Black v. Black, [205 La. 861] 18 So.2d 321; and Matheny v. Matheny, [205 La. 869] 18 So.2d 324, and the cases therein cited.” (18 So.2d at 642 — emphasis added).
The reports are interlaced with a legion of cases which expound and reiterate these two precepts; that is, (1) the paramount right of the mother to the custody, and (2) the broad discretion reposed in the trial court in making a custody determination. See Sciortino v. Sciortino, 209 So.2d 355 (La.App. 4th Cir. 1968), writ refused, 252 La. 461, 211 So.2d 328; Bush v. Bush, 144 So.2d 119 (La.App. 4th Cir. 1962); Lovell v. Lovell, 205 So.2d 470 (La.App.2d Cir. 1967).
Especially is the paramount right of the mother recognized where the custody of children of tender years is involved, such as is the case in the present litigation. At the commencement of this rule the children were aged four and two years respectively. See Morrow v. Morrow, 218 So.2d 393 (La.App.2d Cir. 1969), writ refused, 253 La. 737, 219 So.2d 514.
Of course, this court recognizes that the decision of the trial court is subject to appellate review, and in the event the record revealed evidence that the discretion of the trial judge had been abused, in his award of the custody on the primary basis of the mother’s paramount right to the custody, the court here would have no reluctance in reversing the judgment and ordering the custody of the children to be placed in the person who could best serve the welfare, interest and manifest advantage of the children. The record is devoid of and does not contain such evidence.
In the absence of a showing that the judge a quo has abused his broad discretion, and where the proof does not overcome the presumption that the mother under the law has a paramount right and preference to the custody of small children, the judgment of the trial court will not be disturbed.
The judgment of the lower court is affirmed at the costs of the appellant and defendant in rule.
Affirmed.