## No. 133.

### John I. Dillon & Co. v. Flash Preston & Co.

Court of Appeal cannot review or pass upon questions of fact where an agreed statement of facts has been presented to it under Code of Practice Articles 602 and 603.

Legal conclusions drawn by a judgment of the lower court may be reviewed by the Court of Appeal; however, the same cannot be reviewed

or reversed when based upon facts not properly presented to the Court of Appeal.

*W. H. Pascoe*, attorney.

*J. Stauffer, Jr.*, attorney.

Plaintiff bought of defendants, through B. A. Holmes, 60 cases oysters in cans of one pound each, light weight, the total of the invoice being $240.00.

Upon representations of plaintiff that the goods delivered were not according to contract, defendants, residents of New Orleans, telegraphed to plaintiffs of Shreveport to return the oysters. In previous correspondence Flash Preston & Co. had demanded John I. Dillon & Co. to send them the brand of the oysters and a certificate of condition that they, the sellers, might make reclamation on the packers, and to send back all that were unmerchantable, retain what was good. In reply to this Dillon & Co. wrote that the whole shipment was inferior and the telegram already referred to was the result.

When the oysters arrived in New Orleans, Flash Preston & Co., claiming that upon inspection, they were found to be strictly according to contract, refused to pay the draft of Dillon & Co.

Plaintiffs sue upon the telegram, as an agreement to rescind the original contract. The defense is a plea of error in fact induced by the false representations of plaintiff.

The case comes before this court upon questions of law alone. There is a statement of facts, agreed to between counsel, in accordance with article 602 Code of Practice.

We have been asked by appellant to deal with the facts as stated in the opinion of the court *a quo*, presented in support of this judgment. We held in the case of Mrs. Theresa Borzone vs. Cinke & Constance, No. 114 on the docket of this court, that this could not be done, and we are bound by this ruling. In cases such as this, we must confine ourselves to the facts as set out in the statement of facts, prepared in accordance with article 602, 603, Code of Practice. There has been

filed a paper purporting to be an assignment of errors. Upon examination, we find that it presents to us matters of fact and legal conclusions based upon facts not brought to our notice in the matter pointed out by law. We are not at liberty to review, in cases like this, the conclusions, of the judge *a quo* upon questions of fact, but only the deductions of law which he has drawn therefrom. Neither can we review his opinions on particular points of law, when the facts to which they have been applied have not been brought up. It was the duty of appellant to see that the papers presented every material fact, and where there has been any omission in this respect, we cannot declare that there has been a misapplication of the law as to facts, of which we have no knowledge.

Our attention is called to an order obtained *ex parte* by defendant from the judge *a quo*, ordering the sale of the oysters, which were returned to this city, and which had been by defendants deposited in a warehouse, to the order of plaintiff. It is stated that this order was in fact followed by a sale, and contended that as the court *a quo* had not custody or control of the same by any writ, its order was absolutely null and void, and that these circumstances constituted a repossession by defendant, rendering them liable. The statement presented says nothing about such sale. It may, or may not be, that the mere obtainment of such an order, which appears in the record, was a repossession, but we cannot, as requested by appellant pass upon this issue, at this time. The question was not presented to the inferior court and issue is entirely different from that set up in the petition. Courts of appeal are restricted to questions particularly when facts are involved which were argued and contested below, Code of Practice Art. 895.

We do not see how we can be expected to pass with justice and fairness upon this issue. We are entirely ignorant of the full history of this matter, and must necessarily be so, in as much as it was not investigated, in the lower court, and the facts connected with it elicited. Had plaintiffs by supplemental petition set up this issue and had thereon answer by default,

followed by offerings of evidence, or had they tendered this order on other proof, without objection from their adversaries, we might be in a position to determine subtly upon it, which, however, is not now the case.

We must therefore confine ourselves to the legitimate issues of the case and await the proper introduction of this other question to our notice, after it has received the investigation of a court of original jurisdiction, before we can undertake to pass upon it.

Confining ourselves therefore, in this matter, and refusing to go beyond the statement of facts, we cannot see how the judgment appealed from can be disturbed. It appears from this document, that defendant agreed to rescind the original contract. It also appears that after hearing all the evidence the judge *a quo* concluded that the goods were of the agreed quality. These are clearly conclusions of fact and we are bound to accept them, and the law, under such circumstances, entitles a party interested to have such contract declared void and without effect—Civil Code Arts. 1819—1820—1821—1824—1825.

Judgment affirmed.