35 So.2d 413

DONNELLY v. DATUSCH.

DATUSCH v. DONNELLY.

No. 38362.

April 26, 1948.

Casey, Babin & Casey, and A. F. Babin, Jr., all of New Orleans, for plaintiff and appellant.

James G. Schillin, of New Orleans, for appellee.

McCALEB, Justice.

Joseph Kenner Donnelly, Jr., and Thais R. Datusch were married on August 2, 1939, and established a matrimonial domicile in the city of New Orleans where their child, Barbara Ann, was born on May 27, 1940. On July 8, 1941, Mrs. Donnelly left her husband, taking her child with her, and returned to the home of her parents where she and the child have lived ever since. In August 1942, Donnelly joined the United States Navy and was thereafter stationed away from New Orleans from November 1942 until August 1944. On his return to New Orleans, he did not become reconciled

with his wife and they continued to live separate and apart.

On August 23, 1945, Donnelly filed suit against his wife for a divorce on the ground of adultery, charging that she had committed the act with an officer of the New Orleans Police Force on April 21, 1945, and again on August 1, 1945, at a tourist court in Jefferson Parish. He also sought the custody of the minor child.

In due course, Mrs. Donnelly answered and specifically denied the charge of adultery. At the same time, she filed a separate suit for divorce under Act No. 430 of 1938, based upon the admitted separation since 1941. She further prayed that she be awarded the permanent custody of the child.

In answer to his wife's suit for divorce, Donnelly admitted the pertinent allegations thereof but alleged that his wife was unfit to have custody of the child. By way of reconvention he reiterated the charges of adultery contained in his suit against her, praying that he be awarded a divorce and that he be given the care of the child.

At Donnelly's request, the cases were consolidated for all purposes. After a hearing, there was judgment in favor of Mrs. Donnelly granting her a divorce under Act No. 430 of 1938 and awarding her custody of the child. Donnelly's demands were rejected and he has appealed.

The initial complaint of Donnelly in this Court is that the trial judge erred in holding that he had failed to prove with legal certainty that his wife was guilty of adultery on the two occasions charged in his petition. And he asks us to reverse the judgment in favor of Mrs. Donnelly; to grant him a divorce on the ground of adultery and to award him custody of the minor child.

██ Inasmuch as the parties to the marriage had admittedly been living separate and apart for nearly four years at the time the suit was filed, the judgment in favor of Mrs. Donnelly for a divorce under Act No. 430 of 1938 is unquestionably correct. This being true, we would not disturb it on appeal, even if we entertained doubt as to the judge's decision on the husband's suit since it is perfectly obvious that the underlying purpose for the action charging adultery was to obtain the custody of the child.[1] Hence, the evidence submitted below relative to the charge of adultery is properly considered only in connection with the husband's claim that his wife is an unfit person to retain custody of the child.

As mother and successful suitor for divorce, Mrs. Donnelly would, under ordi-

[1] In his petition he alleged that he and his wife had been living separate and apart since 1941 and, if he had elected to do so, he could have obtained a divorce from her under the two year separation law. Instead, he preferred to seek a divorce for a cause which he was bound to assume would be vigorously contested and which should not be considered where the other party is praying for a dissolution of the marriage on the ground of an admitted two year separation.

nary circumstances, be entitled to the custody of her child. Article 157 of the Civil Code provides:

"In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party * * *."

■ By amending this article in 1921[2] to read as above set forth our lawmakers adopted the policy that, in all divorce cases, the primary consideration with relation to custody is the welfare of the child. The jurisprudence of this court has given full effect to the underlying purpose of the amendment to the Article. See the recent cases of Black v. Black, 205 La. 861, 18 So. 2d 321; White v. Broussard, 206 La. 25, 18 So.2d 641, and Willis v. Willis, 209 La. 205, 24 So.2d 378, where it was decided that, in matters involving children of tender years, it is to their greater advantage that they be placed in the custody of their mother, unless she is found to be unfit.

The issue, therefore, to be determined here is whether it is to the greater advantage of the little girl that she remain with her mother. The facts of the case reveal that the child has been in the custody of her mother since the separation of the spouses in 1941, or since she was a year old.

The mother and child live in a five room house with Mrs. Donnelly's mother and father, occupying one of the two available bedrooms. There is not the slightest suggestion that the child is not well cared for and happy and that the environment in which she lives is not refined in every respect.

On the other hand, the husband concedes that he, himself, is not in a position to take care of the child. He proposes to have her placed in charge of his mother, Mrs. Josephine Donnelly, who testified that she is willing to assist in caring for the little girl. However, it is shown that the Donnelly house consists of five rooms, two of which are used as bedrooms and that, besides Donnelly, his mother and father, his sister and niece live in the house. Under the circumstances, it is plain that the addition of the little girl to the overcrowded household would not be to her best interests.

■ Of course, the conditions existing in the husband's household would not be a sufficient reason to deny him custody of the child if it appeared that the mother, by reason of immorality, was a detriment to the child's welfare. But a perusal of the record does not convince us that Mrs. Donnelly is an immoral woman. The evidence relative to the charge of adultery is in conflict and it would serve no useful purpose to discuss it here. Suffice it to say that we are satisfied that it is to the greater advantage of the

[2] See Act No. 38 of 1921, again amended by Act No. 74 of 1924, by adding a clause not pertinent to this case.

child that she be entrusted to the care of her mother.

The judgment appealed from is affirmed.