41 So.2d 736

**WILLIAMS v. WILLIAMS.**

No. 39119.

June 30, 1949.

J. S. Pickett, Many, Allen R. Lecompte, De Ridder, for defendant-appellant.

Kay & Kay, De Ridder, for plaintiff and appellee.

FOURNET, Justice.

On August 25, 1947, Rolly A. Williams, alleging he and his wife, Mable S. Roberts Williams, had been living separate and apart continuously since their separation on June 28, 1945, instituted this suit for divorce in the Parish of Beauregard, where he has been domiciled.

After the trial judge had overruled her exceptions of no cause and no right of action, the wife answered, first denying plaintiff's allegation that they had been living separate and apart. Answering further, she averred the separation on the date alleged by the plaintiff had been caused through no fault of hers but had resulted from the undue attention her husband showed another woman, much to her humiliation, culminating in his finding fault with and criticizing her to such an extent she became very nervous; that on the date of the alleged separation he "became very abusive, and angry, and told her that he did not love her, and for her to get her things together and get out; that she was so shocked she could not leave at that moment, and had to go to bed; that her said husband returned later and piled up some of her personal apparel on the floor and told her she must leave and in this manner forced her to leave her home and * * * prevented her returning to their home" rendering it necessary for her to make her home in Vernon Parish, thus entitling her to a divorce and to alimony pendente lite and permanently thereafter at the rate of $200 a month, with $500 attorney fees, as well as a partition of the property she lists in her answer as belonging to the community.

There was judgment in the lower court in favor of the plaintiff, granting him a

divorce and dismissing the defendant's claim for alimony. The trial court also decreed all of the real estate acquired by the plaintiff during the existence of the community was his separate and paraphernal property, but found community funds in the amount of $5,173.80 had been expended in improving his separate property and that it had been enhanced accordingly. The trial judge therefore rendered judgment in favor of the defendant for half of this amount, or $2,586.90. From this judgment the defendant is appealing and the plaintiff, answering the appeal, asks that the amount awarded his wife be reduced to $1,250.

The record shows that this is the fourth marriage of the defendant. The record also shows that the plaintiff and defendant, following their marriage on December 5, 1943, separated on three different occasions, the wife filing suits for separation from bed and board following each separation, the dates of such suits being, respectively, September 20, 1944, December 5, 1944, and July 2, 1945. She voluntarily withdrew her first two suits and the third was decided adversely to her in this court for the reason that she had failed to prove her allegations of cruel treatment. See, Williams v. Williams, 212 La. 334, 31 So.2d 818. Following this third and last separation (that led to the suit for separation and eventually to this suit for divorce) the defendant moved to Leesville, in Vernon Parish, where she continued to reside until the institution of the present suit, despite the fact that she was ordered by the court to return to the matrimonial domicile in 1945 under her husband's allegations of abandonment in his reconventional demand in the former suit.

The undisputed evidence shows that the separation between the plaintiff and his wife occurred on the date alleged in the petition and that at the time of the filing of the suit they had been living continuously separate and apart for a period of more than two years, he in De Ridder, Beauregard Parish, and she in Leesville, Vernon Parish. Consequently, the plaintiff having instituted these divorce proceedings in the district court having jurisdiction over him, he is entitled to a divorce under the express provisions of Act No. 269 of 1916, as amended by Act No. 430 of 1938. White v. Broussard, 206 La. 25, 18 So.2d 641; Otis v. Bahan, 209 La. 1082, 26 So.2d 146, 166 A.L.R. 494; Donnelly v. Datusch, 213 La. 635, 35 So.2d 413.

The defendant's allegation in her reconventional demand that the separation had not been caused through any fault of hers but had resulted from the actions of her husband, does not present an issue for determination in a suit for divorce on the ground of two year separation, and evidence in support thereof, is, consequently, not material. Such evidence becomes important only when the wife claims alimony where "the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault."

Article 160 of the Revised Civil Code, as amended. In such case the court may allow her, in its discretion and out of the property and earnings of the husband, alimony which shall not exceed one-third of his income. And the trial judge's findings of fact on that issue will not be disturbed on appeal unless found to be manifestly erroneous. Fletcher v. Fletcher, 212 La. 971, 34 So.2d 43.

The appellant is contending here, however, that the trial judge erred (1) in not granting her alimony pendente lite to which she is entitled as a matter of right under the provisions of Article 148 of the Revised Civil Code; (2) in limiting her proof of the cause of the separation to those events that occurred on the date thereof, June 28, 1945, when he maintained plaintiff's objection (on the ground that defendant's allegations were too vague and indefinite to admit of proof) to the introduction of any evidence that would establish the allegations of her reconventional demand as to her husband's prior treatment and his attentions to another woman, thus making it impossible for her to show that she was free from fault, and (3) in disallowing as irrelevant the copy of the plaintiff's income tax return for the year 1946 which was sought to be introduced for the purpose of showing the assets of the community.

■ The issue of alimony pendente lite was apparently abandoned in the lower court as it was never submitted to nor ad-

judicated upon by the trial judge. It is, therefore, not before us on appeal.

■ While the allegations of the defendant with respect to her husband's actions prior to the separation and the actual cause thereof are, as the trial judge states, vague and indefinite, and it may be, as contended by counsel for the appellee, that if we take into consideration her evidence given during the trial of her former separation suit we will find there was no justification for her leaving the matrimonial domicile on June 28, 1945, we think, nevertheless, the trial judge erred in limiting her proof of the cause of the separation to those events that occurred on the day thereof. In support of her claim for alimony she is entitled to show, if she can, that the separation was not caused through any fault on her part.

■ While it is the law of this state that property acquired during the existence of the community is presumed to belong to the community, we find in the deeds to the property acquired by the plaintiff during the existence of the community the stipulation that it was his separate property and was purchased by him with his separate and paraphernal funds and the evidence in the record establishes this to be correct. Such being the case, the property clearly forms no part of the community. Kittredge v. Grau, 158 La. 154, 103 So. 723; Sanderson v. Frost, 198 La. 295, 3 So.2d 626; Succession of Farley, 205 La.

972, 18 So.2d 586, and the authorities therein cited.

■ However, as pointed out by the trial judge in his written reasons for judgment, this property was considerably improved during the community and some of the funds used for this purpose were community funds. Under the settled jurisprudence of this state, such improvements form a part of the separate estate of the spouse, Succession of Singer, 208 La. 463, 23 So. 2d 184, but this spouse must, upon the dissolution of the community, account therefor upon the basis of the enhanced value of the separate property as the result of such improvements. Funderburk v. Funderburk, 214 La. 717, 38 So.2d 502.

There is nothing in the record to show what enhancement in value resulted from the expenditure of community funds in the improvement of this separate property. These improvements were of only recent origin and the greater portion of them was made with the separate funds of the husband. We think, therefore, as did the trial judge, that it is reasonable to assume the property was enhanced in value at least to the amount of community funds expended in its improvement. After a full and complete detailed analysis of the evidence with respect to the expenditures of community funds, he fixed the amount at $5,173.80, and gave the defendant judgment for half that amount.

The defendant in claiming community funds in the amount of $11,708.46 were ex-

pended in making these improvements fails to point out in what respect the trial judge erred in his analysis and conclusions but seeks, rather, to make an analysis of her own which we find most unimpressive.

The plaintiff, on the other hand, asks in his answer to the appeal that the amount awarded the defendant be reduced to $1,-250, contending the trial judge failed to take into consideration in his calculations two cash items belonging to his separate estate, one for $1,100 and the other for $1,400.

■ Although we agree with the trial judge's ruling that the income tax return of 1946 is not relevant to the issue for which it was offered, inasmuch as both the plaintiff and the defendant are complaining about the trial judge's conclusion with respect to the amount of community funds expended in the improvement of the plaintiff's separate property and we are remanding the case for the introduction of evidence on another phase of the case, we have concluded that it will be in the interest of justice to permit each side to offer further evidence that will throw light on the status of the community estate.

For the reasons assigned, the judgment of the lower court granting the plaintiff, Rolly A. Williams, an absolute divorce against his wife, Mable S. Roberts Williams, and decreeing that all real property acquired during the marriage is his separate and paraphernal property, is affirmed. In all other respects the judgment is an-

nulled and set aside and the case is re-manded to the lower court for further consideration, consistent with the views herein expressed. The plaintiff is to pay all costs.

O'NIELL, C. J., takes no part.