LE BLANC, Justice.
This is a suit for absolute divorce brought by a husband against his wife on the ground of two years separation under the provisions of Act No. 430 of 1938.
The plaintiff alleges his residence in the Parish of Livingston, Louisiana since the month of December 1945. He avers that he and his wife, who is presently a resident of the city of Chicago in the State of Illinois, were married in New York on October 2, 1933 and that three children were born of their marriage, all of them being still minors. He alleges that he and his wife voluntarily separated more than four’ years ago and that they have been living separate and apart ever since. After setting out that an attorney ad hoc should be appointed to represent his absentee wife in this proceeding he' prays for the appointment of such an attorney and that through him the defendant be duly cited and that after the usual delays and due proof made there be judgment in his favor granting a final divorce between them.
The defendant appeared through counsel and filed an answer to plaintiff’s petition in Which she admits the marriage and her present residence as set out therein but denies the separation and that plaintiff is entitled to a divorce. She further pleads by way of an exception of no right or cause of action that during the month of April 1948, plaintiff had filed another suit in which he had judicially alleged that he had obtained a previous divorce from her in Mexico and that he is now charged with the judicial allegations therein made. She then avers that plaintiff is a physician and sur- - geon and is able to provide support for their three children in the sum of $150.00 per month. She prays that the exception pleaded by her be sustained and plaintiff’s-suit be dismissed and in the alternative that: in the event the Court should determine-that plaintiff is entitled to- a divorce that: she be granted the permanent care, custody and control of the children and that plaintiff be ordered to pay the sum of $150.00' per month for their support and maintenance.
The case was submitted to the trial court-on an agreed stipulation of fact and resulted in a judgment in favor of plaintiff granting a final divorce but also granting the-defendant the care and custody of the minor children, with the right to plaintiff to-visit them at any and all reasonable times and places. Plaintiff was also ordered to-pay the defendant the sum of $100.00 per month as alimony for her support and that, of her minor children with the proviso that: ten months after the date of the judgment the question of alimony be re-submitted to-the court for any adjustments that may be-necessary.
The stipulation of fact on which the case-was submitted in the lower court shows that the plaintiff became a resident of this State-in the month of December 1945 when he-moved to Tangipahoa Parish and then later moved to Livingston Parish in October *250 1946; that he has resided continuously in Louisiana since that time and has been a bona fide resident of Livingston Parish since October 1946 and has lived separate and apart from the defendant since and before December 1945. It also shows that plaintiff obtained a former decree of divorce, the validity or non-validity of which is not admitted. A certified copy of said decree is attached to the stipulation from which it is Shown that that is the Mexican divorce which was referred to in the defendant’s answer. The stipulation also shows that plaintiff entered into another marriage, by proxy, with some other person in Mexico, with whom he has been living as man and wife since January 20, 1944 and a certified copy of such marriage is also made part of the record. It is also stipulated that the separation alleged by plaintiff has been against the will of the defendant and that she has attempted on numerous occasions and still desires to get her husband to return to her which he refuses to do. The remaining part of the stipulation refers to the question of alimony claimed by the defendant and with which we are not concerned on this appeal.
The court is confronted with a rather simple proposition in this case and the sole issue is one which has 'been decided on several occasions.
The point raised under the exception of no cause or right of action and based on allegations made in a former suit regarding a divorce Which had been previously obtained in Mexico can be readily disposed of by pointing out that all such matters are irrelevant and immaterial in a case like this where the only issues that can be contested are the residence of the party bringing the suit, within this State, •continuously for a period of two years, and the living separate and apart of the spouses during that period of time or longer. We find no merit in the exception.
On the merits we need merely state that inasmuch as the residence of the plaintiff within this State for the required length of time is admitted and that he and his wife have been living separate and apart continuously since 1945, plaintiff was undoubtedly entitled to the decree of divorce which was rendered in his favor by the judgment of the lower court. Williams v. Williams, 215 La. 839, 41 So.2d 736 and cases therein cited.
The statement in the stipulation of facts to the effect that the separation has been against the will of the ■ defendant and that she has attempted on numerous occasions to return to her husband is of no moment in an action of this kind. It only serves to' accentuate the fact of a continuous separation as the stipulation further shows that plaintiff has refused to return to her.
The defendant has made no appearance in this court either in person or through counsel. We are informed by letter that counsel’ who represented, her in the lower court has withdrawn from the case and ap *252 parently she is now un-represented. We assume that the issues we have discussed and passed on are the only issues that were to (be presented.
Judgment affirmed.