McCALEB, Justice.
In this proceeding, in which the wife was granted a separation from bed and board on the ground of abandonment, the husband is contesting on appeal that part of the judgment awarding the wife custody of their minor child and recognizing that the community estate is indebted to her in the sum of $500 for money advanced out of her paraphernal funds.
The record shows that the parties were married in St. Louis, Missouri, on May 4, 1950 and their child, Eldon Kent Sharp, was born on November 29, 1950. At the time of the marriage, the wife was a resident of St. Louis and the husband, a resident of Monroe, Louisiana, was attending law school in St. Louis. In January of 1951, the husband returned to Louisiana to •further pursue the study of law at Southern University and the child was cared for by the maternal grandmother in East St. Louis, Illinois, from March, 1951, until December of that year, during which time the wife was employed. Thereafter, the wife brought the child to Monroe and placed it in the care of the paternal grandparents, she returning to her employment in St. Louis. The child remained in the charge of the paternal grandparents until March, 1952, when the husband and the wife established their domicile in Monroe, where they thereafter lived together until their separation on March 8, 1953. During this period, when the husband was establishing his law practice and the wife was assisting him in his office, the child remained with the paternal grandparents except on weekends. After the husband abandoned the wife, he went to live at his parents’ home and the wife was compelled to return to East St. Louis, Illinois, to live with her parents and earn her livelihood.
Appellant recognizes the general rule that the mother has a paramount right to custody of the minor child, Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311, but contends that this is one of the exceptional cases provided for in Article 157 of the *129 Civil Code where it is to the greater advantage of the child that it be entrusted to the care of the father. See Black v. Black, 205 La. 861, 18 So.2d 321; White v. Broussard, 206 La. 25, 18 So.2d 641; Willis v. Willis, 209 La. 205, 24 So.2d 378 and Donnelly v. Datusch, 213 La. 635, 35 So.2d 413.
This contention is not sustained by the evidence. In the first place, there is no showing that the mother is morally or otherwise unfit or that it would be detrimental for the child to be placed in the home of the maternal grandparents in East St. Louis, Illinois, where the mother is gainfully employed. Indeed, the record shows that neither the mother nor the father have, until now, been able to personally care for the child, which has spent most of its life with its four grandparents. Since the birth of the child, the mother has been working steadily and the father has been busy terminating his legal studies and establishing a law practice. Both grandmothers have testified that they are willing and able to care for the child.[1] Under the circumstances, the judge made the proper decision in preferring the mother.
Appellant complains that the judge erred in refusing to admit certain photographs, purporting to show the home of the maternal grandparents, which he claims would reveal a dilapidated house situated in a slum section of the city, without modern conveniences. Assuming that the photographs were admissible, we do not think their rejection to be a matter of importance or that their consideration would have altered the conclusion reached as to custody. It appears that appellant was content to leave the child in this house in care of the maternal grandmother from March until December of 1951, and it is established by other evidence that the child will be well cared for in East St. Louis.
The other point raised by appellant is that the evidence is insufficient to show that the community estate is indebted to the wife in the sum of $500. The wife testified that she had saved this sum from her own earnings prior to her marriage and that she had it transferred from her bank account in Newark, New Jersey, where it' had been accumulated, to East St. Louis." She further stated that her husband needed-' the money to buy books (presumably law books). Appellant admitted receiving the' money and made no effort to contradict the wife’s statement as to its source." In view of the evidence, the judge did not err in-ruling for the wife.
The judgment appealed from is affirmed.

. Appellant asserts that the maternal grandmother gave false testimony at the trial when she stated that she owned the home in which she was living (where the child will be housed) and, in a motion for a new trial, he says he will prove it if the case is reopened. Suffice it to say that we regard the matter as inconsequential and the judge did not abuse his discretion in refusing appellant -a new trial for the purpose of hearing the proffered evidence.