BOLIN, Judge.
Defendant appeals from judgment in plaintiff’s favor in the amount of $215 representing property damage to a panel truck owned by plaintiff which collided with a Dodge passenger car owned by defendant and driven by his minor daughter.
The case was tried in the City Court, Ward Two of Bossier Parish, Louisiana, but the evidence was not transcribed nor was a narrative of facts prepared pursuant to Article 2131 of LSA-Code of Civil Procedure. However, the trial judge did render a written opinion wherein he gave in skeleton form some of the salient facts of the case. Since there has been no motion nor suggestion that the appeal be dismissed we shall render our decision on the facts contained in the trial judge’s opinion. Such procedure has been sanctioned under our jurisprudence. Rosen v. Shingleur (La.App. 1 Cir., 1950) 47 So.2d 141; Succession of Seals (La.App. 2 Cir., 1962) 142 So.2d 629, reversed on other grounds, 243 La. 1056, 150 So.2d 13 (1963).
We shall briefly outline the case as reflected in the meager record before us. The accident occurred in Bossier City, Louisiana, on Schex Drive, a two-lane city street with curbing on either side thereof, and running generally north and south. Immediately preceding the accident Baker was driving his panel truck and had slowed his vehicle intending to turn right into the private driveway to his residence on the east side of Schex Drive. As he approached the point where he intended to turn he gave the proper signal, by means of his directional indicator, for such a right turn and pulled slightly to his left in order to enter the drive at approximately a 90-degree angle. This veering to his left was made necessary because of a large light pole located near his driveway. The Schuman vehicle was following and was in the process of passing the panel truck on the right as the latter began its right turn and the collision occurred as the Baker vehicle was entering the private drive. Miss Schuman stated she did not see Baker give a right turn signal.
The trial court found the accident was caused entirely by the negligence of the driver of the Schuman automobile and concluded his findings as follows :
“Due to the physical facts of the case, the court is impressed that the Dodge automobile was traveling at a speed greater than thirty miles per hour. That the Dodge was overtaking the truck and attempting to pass on the right.”
The record made up of the pleadings and the written opinion of the trial judge convinces us the defendant was guilty of negligence in operating a vehicle at an excessive rate of speed and in attempting to pass the truck on the right side on a two-lane street, and that such negligence was a proximate cause of the accident.
Left for consideration is the special plea of contributory negligence tendered by defendant. There might be some merit in this plea if the court had the benefit of all the evidence. It is elementary that a plea of contributory negligence is an affirmative defense, the burden of proving which must be borne by the party asserting the plea. There is insufficient affirmative and definite evidence in this case to warrant a finding that plaintiff was guilty of any negligence contributing to this accident.
There is no dispute over the amount of the judgment since the damage to plaintiff’s panel truck was stipulated to be $215.
For the reasons shown the judgment appealed from is affirmed at appellant’s cost.
Affirmed.