184 So.2d 75 (1966)
Rosemary CAMARATA, wife of John SCHROEDER,
v.
John SCHROEDER.
No. 2142.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1966.
Hattier, Schroeder & Kuntz, Herman M. Schroeder, New Orleans, for plaintiff-appellant.
Oliver S. Livaudais, Jr., and Charles H. Livaudais, Chalmette, for defendant-appellee.
*76 Before REGAN, SAMUEL and HALL, JJ.
SAMUEL, Judge.
Plaintiff filed this suit for a separation from her husband on the ground of cruel treatment and for custody of their two children, a boy and a girl aged 11 and 8 years respectively. She obtained temporary restraining orders enjoining the defendant from disposing of any of the property belonging to the community and from molesting or harming plaintiff and the two children. By a rule nisi she sought alimony pendente lite for the support of herself and the two children and preliminary injunctions to the same effect as the temporary restraining orders.
The rule was tried during the week immediately following the filing of the petition. Prior to that trial defendant answered the petition, denying the alleged cruel treatment, and reconvened for a divorce on the ground of adultery and for custody of the children, alleging that the children were then, and had been, under his care and custody.
After a hearing of the rule there was judgment thereon issuing preliminary injunctions prohibiting the defendant from disposing of any property belonging to the community and from in any manner molesting or harming the plaintiff, condemning the defendant to pay plaintiff alimony for her support during the pendency of the suit, and granting to the defendant the temporary custody of the two children. The trial court gave written reasons for judgment. Plaintiff has appealed. In this court she seeks only a reversal of that portion of the judgment which grants the temporary custody of the children to the defendant.
Neither party required the Clerk of Court to cause the testimony to be taken down in writing as is permitted under LSA-C.C. P. Art. 2130, nor did the appellant, as she is required under the provisions of LSA-C.C.P. Art. 2131, request the defendant to join with her in a written and signed narrative of the facts so that, in case of disagreement as to this narrative or of refusal by the defendant to join in it, the judge would have been required to make a written narrative of the facts. Accordingly, the record does not contain a transcript of the testimony or a note of evidence of any kind.
The general rules are: judgments of the district courts are presumably correct; where no note of evidence appears in the record it is presumed that the trial judge proceeded on proper evidence; it is incumbent upon the appellant to point out the alleged error in the judgment appealed from; and where the alleged error is based on a finding of fact the appellant is required to present a transcript or narrative of the facts through which the error is shown. Garig v. Truth Printing & Pub. Co., 123 La. 895, 49 So. 632; Harrison v. His Creditors, 43 La.Ann. 91, 9 So. 15; Hattiesburg Manufacturing Co. v. Pepe, La.App., 140 So.2d 449; Lamazon v. Le Bromschwig, 3 Peltier's Orl.App. 274, 276. However, where the record contains written reasons for judgment by the trial judge, those reasons may be considered as a narrative of the facts if the reasons are sufficient to determine the question involved. Baker v. Schuman, La.App., 165 So.2d 566; Associates Discount Corporation v. Downs, La.App., 162 So.2d 758; Rosen v. Shingleur, La.App., 47 So.2d 141. In the instant case plaintiff contends that the reasons for judgment show error on the part of the trial court.
The reasons for judgment state that the plaintiff had been proved guilty of adultery on two occasions. They also state:
"Plaintiff denied committing adultery, but did admit in her testimony that she has left the marital domicile; that there is another man of whom she is particularly fond; that she has been alone with this man, in his apartment; that she parked in an automobile with him in a public place and kissed him; *77 that this man has visited her home in the presence of her children while her husband was at work; that she has frequently met with him, sometimes in bars, the most recent meeting being in a bar just two days before this hearing; that she has left her children with various friends and relatives while she has gone out at night with this man and other friends."
Plaintiff argues that the mother's right to custody of minor children is paramount, that circumstantial evidence alone may not be sufficient to support a finding of adultery and that the commission of one or several acts of adultery have been held insufficient in itself or themselves to render the mother unfit and thereby deprive her of the custody of her children. Plaintiff cites the cases of Sharp v. Sharp, 228 La. 126, 81 So.2d 833, Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311, McCaa v. McCaa, 163 So.2d 434, Stevens v. Stevens, La.App., 147 So.2d 754 and Savin v. Savin, 218 La. 754, 51 So.2d 41, 45.
It is true the under the provisions of LSA-C.C. Art. 146 the custody of the children of the marriage must be granted to the wife during the pendency of a suit for a separation or divorce "unless there should be strong reasons to deprive her of it, either in whole or in part, the decision whereof is left to the discretion of the judge." The governing consideration in any custody award is the welfare of the children involved and if the mother is morally unfit, or if it is to the greater advantage of the children, custody will be awarded to the father. State ex rel. Theriot v. Pulling, 209 La. 871, 25 So.2d 620; State ex rel. Aucoin v. Aucoin, 174 La. 7, 139 So. 645; Ballard v. Ballard, La.App., 135 So.2d 322. While one or several acts of adultery on the part of the mother may not, in itself or themselves, render her morally unfit to care for the child or necessarily result in an award of custody to the father being of greater advantage to the child, such adultery is one of the elements to be considered in making the award.
In the instant case we do not have the opportunity of examining the testimony upon which the trial judge based his conclusions. Although plaintiff contends that those conclusions were based on circumstantial evidence only, we have no means of actually knowing such to be the case nor of knowing what circumstantial evidence, if any, was before the court. The reasons given are quite sufficient to justify an award of temporary custody to the father and we cannot say the trial judge abused his discretion in making the award.
The judgment appealed from is affirmed.
Affirmed.