TATE, Judge.
The plaintiff recovered judgment for the value of a horse which had been killed by an automobile driven by the defendant’s minor son. The defendant appeals.
The principal issue of this appeal concerns whether, in the absence of a transcript of testimony, an appellate court may consider not only a narrative of facts compiled in accordance with LSA-C.C.P. art. 2131 [1], but also summaries of evidence and findings of fact included in the trial court’s earlier written reasons for judgment. We hold that the reviewing court may do so under the circumstances here shown. We will state the reasons more fully after we set forth the facts of the litigation.
The pleadings and the narrative of facts show that the accident occurred when the defendant’s son struck a horse while driving on a blacktop country highway at night. Despite the appellant’s able argument to the contrary, the narrative reflects that there was evidence from which the trial court could properly have found that the horse was standing in the middle *113 of the road and that the young motorist negligently failed to observe it before striking it.
The record also reflects that a parish ordinance prohibited owners of livestock from allowing their animals to roam on the highway at that place. Where such a “stock law” is in effect, the owner of an animal killed by an automobile on a highway, in order to recover for the ■ loss of the animal, must not only prove the negligence of the defendant-driver, but must also affirmatively show that he himself was not negligent in allowing his stock to be on the highway at the time. Abshire v. Hoffpauir, La.App. 3 Cir., 169 So.2d 740; Bernard v. Hungerford, La.App. 3 Cir., 157 So.2d 246.
The principal issue of this appeal results from the failure of the formal narrative of facts to contain any reference whatsoever to the testimony concerning the horse owner’s freedom from contributory negligence, i. e., with regard to the precautions he took to confine his livestock to prevent its roaming on the stock law highways.
Unquestionably, evidence to this effect was actually introduced at the trial. The defendant’s trial brief filed before the trial court judgment is in the record before us, and it devotes the last two of its nine pages to a somewhat glancing argument that even greater corral precautions should have been taken in view of the value of the killed horse. Tr. 47-48. Further, in his written reasons for judgment the trial court summarized testimony that the horse was kept in a substantial and sufficient enclosure, which had been checked for its security before the plaintiff’s family left the premises that evening, but that the horse had been unforeseeably released by unknown persons during the family’s visit to town. Tr. 51.
Nevertheless, counsel for appellant urges with considerable astuteness that this reviewing court must reverse the trial court judgment founded upon such testimony because no reference whatsoever was made to it in the formal narrative of facts.
On the other hand, the trial court’s written reasons for judgment summarized and incorporated this evidence. If we are allowed to consider the trial court’s factual findings in his written reasons for judgment, then under the jurisprudence the trial court could properly have concluded that no fault on the horse owner’s part was a cause of the horse being on the highway in violation of the stock law.
' Our Supreme Court has recently held that an appellate court can consider the narrative of facts contained in the written reasons of the trial court for purposes of reviewing the correctness of its ruling. Succession of Seals, 243 La. 1056, 150 So.2d 13. The defendant suggests that in Seals and in the court of appeal cases following it (Fairman v. Robert, La.App. 1 Cir., 181 So.2d 459 and Baker v. Schuman, La.App. 2 Cir., 165 So.2d 566) the appellate court considered the facts stated in the trial judge’s written reasons, but their holdings are procedurally distinguishable from the present because in those cases, unlike in the present appeal, there was no narrative of facts as authorized in LSA-C.C.P. art. 2131.
The defendant therefore insists that Seals is inapplicable, that when the facts are stated in the code-authorized narrative agreed to by the parties, then those facts alone must be considered in determining whether there was sufficient testimony to support the trial court’s judgment. This view is supported by John I. Dillon & Co. v. Flash Preston & Co., 2 McGloin 326 (circa 1884). There the court held that since there had been a narrative of facts, as provided for by Article 602 Code of Practice of 1870[2], the appellate court could *114 not consider the additional statements of fact in the trial judge’s written reasons, which were not contained in the statement of facts provided by the parties. These additional facts were urged as reasons to reverse the trial court judgment.
However, in our opinion, the controlling principle is as stated in Succession of Seals, 150 So.2d 13, 20: “Our duty is to apply the law, keeping in mind that a strong presumption arises that the trial court had received competent and adequate evidence such as would serve as a basis for the judgment rendered [citing cases].”
Aside from the fact that the 1884 holding is merely persuasive, an important distinction between it and the instant appeal is that in Dillon the court would not use the additional facts in the trial judge’s written reasons for reversing the judgment of the trial court. Here, we are asked to disregard facts in the written reasons which provide an essential element by reason of which the trial court’s judgment is correct.
In light of the strong presumption that evidence adequate to support its judgment was before the trial court, see, e. g., the Seals and following cases cited above, we hold that the facts stated in the trial court’s written reasons for judgment should be considered on appeal where necessary to uphold the judgment, unless they conflict with the facts stated in the narrative of facts or should be disregarded for some other substantial reason.
Applying this rule, we affirm, taking into consideration the additional facts stated in the trial court’s reasons for judgment.
We may add that the procedural facts of the present case indicate the wisdom of this rule.
The court reporter who recorded the trial testimony did not transcribe it at the time. The trial court rendered written reasons for judgment in favor of the plaintiff on November 18, 1964, signing the judgment the same day. The defendant’s timely filed application for a new trial questioned solely the trial court’s holding that the defendant’s driver was negligent. It did not at all question the trial court’s finding that the plaintiff was free of fault. Tr. 54. Thereafter, according to correspondence in the record, the trial court withheld denial of the rehearing until counsel could prepare a narrative of the facts in accordance with LSA-C.C.P. Art. 2131, since the court reporter was no longer available to transcribe the testimony.
As prepared by appellant’s counsel (and signed by counsel for appellee), the narrative of the facts only included a summary of the testimony relating to whether or not the defendant’s driver, his minor son, was negligent for lack of lookout, the only issue raised by the then-pending application for a new trial. From this application and from the defendant’s trial brief, it appears that this was regarded as the really serious issue of the case.
Under these circumstances, the probably inadvertent omission from the narrative statement of essential testimony actually given at the trial and summarized in the trial court judgment (and not even questioned by counsel for defendant in his application for a new trial[3]) should not require reversal. The present situation illustrates that for an appellate court arbitrarily to restrict its review only to the testimony included in a narrative of facts, where the trial court’s reasons for judgment and the record as a whole indicate that certain testimony essential to the correctness of the judgment was actually heard by the trial court, would be an overly technical restriction on the scope of appellate review.

*115
Decree.

The judgment of the City Court is affirmed. All costs of this appeal are to be paid by the defendant-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.

. LSA-C.C.P. Art. 2131: “If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in case of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.”

. Code of Practice Articles 602-603 are the predecessor provision to LSA-C.C.P. Art. 2131. There is no substantial change made from the provisions of these predecessor enactments.

. It should be added that by the time the narrative statement was actually executed and filed, both of the original trial counsel had moved from the vicinity and were succeeded by new counsel.