362 So.2d 568 (1978)
Lawlest J. LeBLANC
v.
Audrey Weibelt, wife of Lawlest J. LeBLANC.
No. 61800.
Supreme Court of Louisiana.
September 5, 1978.
Arthur S. Mann, III, New Orleans, for defendant-applicant.
Aubrey E. Pate, Kenner, for plaintiff-respondent.
SANDERS, Chief Justice.
The issue presented is a wife's entitlement to alimony after divorce.
Mr. LeBlanc sued his wife for divorce on the ground that they lived separate and apart for two years without reconciliation. See LSA-R.S. 9:301. Mrs. LeBlanc filed a reconventional demand seeking alimony.
The trial court granted the husband a divorce and, finding the wife free from fault, awarded her $125 per month alimony. The Court of Appeal reversed in part, denying her alimony. It found that her refusal to have sexual relations with her husband constituted fault. La.App., 354 So.2d 704 (1978). We granted writs to review this judgment. La., 356 So.2d 1005 (1978).
Mr. LeBlanc testified that he left his wife because he was dissatisfied with married life, specifically with Mrs. LeBlanc's refusal to have sexual relations with him for two years, her many requests that he leave, and her telling him she no longer loved him and that he was not a good father to her children.
*569 Mrs. LeBlanc denied telling her husband that she did not love him or that she asked him to leave. She further testified that generally he had good relations with his stepchildren.
Neither counsel interrogated Mrs. Le-Blanc specifically about sexual relations with her husband. She, however, testified that the marriage was a happy one, with no special problems at the time of the separation. The wife's two daughters, who lived in the home during the marriage, corroborated their mother's testimony that they observed no friction or problems of a serious nature.
When a husband obtains a divorce on the ground of voluntary separation, a wife is entitled to alimony only if she is free from fault and is without sufficient means for her support. LSA-C.C. Art. 160.
Recently, in Pearce v. Pearce, La., 348 So.2d 75 (1977), this Court set forth the applicable principles as follows:
"We have held that, under this statute respecting an award of alimony to a wife without `fault,' the word `fault' contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959); Davieson v. Trapp, 223 La. 776, 66 So.2d 804 (1953); Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457 (1952); Adler v. Adler, 239 So.2d 494 (La. App. 4th Cir. 1970). To constitute fault, a wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958). The question of a wife's fault under the statute providing for alimony when a wife has not been at fault and has not sufficient means for her support is a factual one. Morgan v. Morgan, 260 So.2d 336 (La.App. 4th Cir. 1972). We have recognized that a trial court's findings of fact on the issue of a wife's `fault' will not be disturbed on appeal unless found to be manifestly erroneous. Williams v. Williams, 215 La. 839, 41 So.2d 736 (1949); Fletcher v. Fletcher, 212 La. 971, 34 So.2d 43 (1948). In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility. Trosclair v. Trosclair, 337 So.2d 1216 (La.App. 1st Cir. 1976). The factual findings of the trial court are therefore to be accorded very substantial weight on review. Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir. 1976)."
In Canter v. Koehring Company, La., 283 So.2d 716 (1973), this Court held:
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts."
In his reasons for judgment, the trial judge stated:
"From the testimony, the court cannot conclude that Mrs. Lawlest LeBlanc is at fault for this couple's separation."
At trial, the husband's testimony concerning the denial of sexual relations *570 was general in nature. It was contradicted by the testimony of his wife and her daughters that the marriage was a normal one with no special problems. In enumerating his reasons for leaving the domicile in his divorce petition, the husband made no reference to sexual rejection. It is obvious that the factual findings here depend largely upon the credibility of witnesses. We find no adequate basis in the record to disturb the finding of the trial judge that the wife was free from fault that would disqualify her from alimony.
The evidence also supports the trial judge's alimony award of $125 per month.
For the reasons assigned, the judgment of the Court of Appeal denying the wife alimony is reversed and set aside, and the judgment of the district court awarding her alimony is reinstated and made the judgment of this Court.