LABORDE, Judge.
James B. DeRamus was granted a divorce from his wife Lavinia Lutz DeRa-mus. Subsequently, Mrs. DeRamus filed a rule for alimony under La.C.C. art. 160. This is an appeal from the judgment awarding Mrs. DeRamus permanent alimony. We reverse as we find that the trial court did not determine that Mrs. DeRamus was without fault.
FACTS
James B. DeRamus and Lavinia Lutz were married on December 19, 1948, and had maintained their matrimonial domicile in Rapides Parish until their separation. Three children were born of this union; all are majors and none live at home.
In his petition for separation, Mr. DeRa-mus asserted that his wife left the matrimonial domicile without lawful cause. His amending petition sets out a prayer for an absolute divorce based on the grounds of living separate and apart for one year. The judgment of divorce was rendered and signed March 8, 1984. The judgment refers to reasons orally assigned on February 8,1984, but the record does not include these reasons nor the legal basis of the divorce.
The judgment of divorce does not provide for permanent alimony. Lavinia Lutz DeR-amus filed a rule to show cause why Mr. DeRamus should not be condemned to pay $150.00 per month as permanent alimony. Judgment was entered against Mr. DeRa-mus in the amount of $75.00 per month effective May 1, 1984, to increase to $100.00 per month starting November 1, 1984.
Mr. DeRamus appeals only the alimony award. He asserts that the trial judge erroneously granted alimony to Mrs. DeRa-mus by misapplying the legal principles of La.C.C. art. 160.[1] This article provides for alimony after divorce:
“When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income.”
In an action for permanent alimony (La. C.C. art. 160), the spouse seeking alimony bears the burden of proving freedom from fault. Derbes v. Derbes, 462 So.2d 302 (La.App. 3d Cir.1985); Smith v. Smith, 216 So.2d 391 (La.App. 3d Cir.1968). This court has long held that:
“It also is settled that the word ‘fault,’ as employed in LSA-C.C. Art. 160, does not mean merely the wife’s engaging in quarrels more or less of a trivial nature, but contemplates conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart.”
Chapman v. Chapman, 130 So.2d 811, 814 (La.App. 3d Cir.1961).
In the instant case, defendant-in-rule asserts that his wife left the matrimonial domicile on December 23, 1982 without a lawful cause. “A wife who has left the matrimonial domicile cannot be said to be free from fault unless she can show that her husband’s treatment provoked her into terminating the marital relationship.” Broussard v. Broussard, 320 So.2d 279, 280 (La.App. 4th Cir.1975) (citations omitted).
The judgment of divorce does not state the grounds upon which the divorce was granted. Presumably it was granted on the grounds of living separate and apart for one year (LSA-R.S. 9:301). Although fault is not an issue to be determined in a divorce proceeding under LSA-R.S. 9:301, *1303 fault becomes an issue where one of the spouses claims permanent alimony. Fault preclusion to permanent alimony under La. C.C. art. 160 applies where a spouse claims permanent alimony in divorce proceedings under LSA-R.S. 9:301.[2] LeBlanc v. LeBlanc, 362 So.2d 568 (La.1978); Steib v. Steib, 469 So.2d 20 (La.App. 1st Cir.1985); Derbes, 462 So.2d at 302.
We recognize that a trial court’s finding of fact on the issue of a spouse’s fault will not be disturbed on appeal unless found to be manifestly erroneous. LeBlanc v. LeBlanc, 362 So.2d 568 (La.1978); Williams v. Williams, 215 La. 839, 41 So.2d 736 (La.1949). But La.C.C. art. 160 alimony is not to be granted unless the spouse seeking the award proves freedom from fault. Smith, 216 So.2d at 393.
The record reveals that appellee did not carry her burden of proof. In the rule to show cause, Mrs. DeRamus declares that she is unable to support herself; however, she does not allege that she is free from fault. Equally silent on the issue of fault are the affidavits of income and expenses for each party. The affidavits address only the support provision of La.C.C. art. 160. The judgment setting alimony does not state that Mrs. DeRamus was without fault, and the court did not provide reasons for judgment. We find that the trial court did not make a determination that appellee was without fault as required by La.C.C. art. 160. Assuming arguendo that the trial court did in fact determine that Mrs. DeRa-mus was free from fault, such a finding constitutes manifest error as the record does not support such a finding. Therefore, we need not discuss the merits of appellant’s second assignment of error.
Louisiana Civil Code article 160 alimony may be granted only when the spouse seeking alimony proves freedom from fault. Appellee was unable to meet this burden. We reverse the trial court’s award of alimony.
For the above and foregoing reasons the judgment of the trial court is reversed. Costs are assessed to Lavinia Lutz DeRa-mus.
REVERSED AND RENDERED.

. Text as amended by Acts 1982, No. 580, sec. 1. This provision is not in conflict with La.C.C. art. 160 as amended by Acts 1982, No. 293, sec. 1. The requirement that a former spouse must be free from fault in order to receive permanent alimony is longstanding, and has been a mandate in all modern versions of article 160.

. For a discussion of the interplay between LSA-R.S. 9:301 divorce and La.C.C. art. 160 alimony, see Comment, The Fault Preclusion to Post Divorce Alimony in Louisiana, 57 Tul.L. Rev. 351 (1982).