COLE, Judge.
The issue in this domestic case is whether or not defendant showed a change in circumstances so as to justify a reduction in alimony and child support.
The following facts led to this litigation. Plaintiff Marlys Legendre and defendant Ray Legendre were married on May 25, 1956 and divorced on April 28, 1978. The judgment of divorce contained the following conditions.
1.) Custody of the two minor children (Ray Legendre, Jr. and Paul Legendre) was awarded to Mrs. Legendre.
2.) Mr. Legendre was ordered to pay $200 a month child support, such support to continue without reduction until the younger of the minor children reaches majority.
*1332 3.) Mr. Legendre was ordered to pay to Mrs. Legendre $200 a month alimony until April 1979, at which time the amount was to be reduced to $150.
4.) Mrs. Legendre and the two minor children were to continue living in their present home, rent free, and if forced to leave that home, Mr. Legendre would provide them with a comparable home at his own expense.
5.) Mr. Legendre was to be responsible for all medical expenses of the minor children and was to maintain hospitalization insurance as well as pay for any medical expenses incurred by Mrs. Legendre prior to the date of the judgment.
6.) Mr. Legendre was to pay to Mrs. Legendre one-half of any raise in pay he should receive.
Mr. Legendre remarried approximately one month after the divorce was granted and shortly thereafter a child was born of that marriage.
In March of 1983 Mr. Legendre filed a rule to reduce alimony' and child support, alleging his financial circumstances had changed in several ways. One, a demotion in his job position had reduced his salary. Two, as a result of this demotion he had lost the use of the rent-free house in which his former wife resided.[1] Three, he had financial obligations associated with his new wife and child. Four, one of the minor children, Ray Legendre, Jr., had reached the age of majority. Five, Mr. Legendre had incurred a substantial amount of medical expenses. He alleged further that Mrs. Legendre was capable of seeking employment and therefore the permanent alimony should be decreased.
Mrs. Legendre responded with a rule to increase alimony and child support, alleging an increase was necessary if she was forced to move from her rent-free home.
A hearing was held and the parties testified about their financial conditions. After hearing the evidence the trial court rendered judgment maintaining the child support at $200 a month, until the minor child, Paul Legendre, reached majority. The court ordered further that Mr. Legendre continue to pay alimony of $150 a month. The judgment also ordered Mr. Legendre to provide a house comparable to the one in which Mrs. Legendre presently resided and to continue to pay for all medical and dental expenses of the minor child. Mr. Legendre filed this appeal.
Appellant contends the court erred in refusing to decrease the alimony and child support in spite of evidence showing a change of circumstances and also in awarding alimony in an amount greater than one-third of his income.
We find no merit in several of the “changes in circumstances” alleged by appellant. His testimony concerning medical expenses was vague and inconclusive, therefore we conclude he failed to prove any change caused by such expenses. The fact that he has lost the use of the rent-free house cannot truly be considered a “change” because it was an occurrence contemplated by the parties and provided for in the judgment.[2] Likewise, the fact that one of the children has reached the age of majority is also not a “change in circumstances” because this event was also anticipated and dealt with in the judgment.
However, we find appellant showed a significant change in circumstances by the rather serious reduction in wages.
Appellant testified his former salary had been $1,333.00 per month, guaranteed. At the time of the hearing, he had been working at his new position for approximately one month and was paid $4.72 an hour with no guarantee of the number of hours he would be allowed to work. (His new posi *1333 tion was that of tractor driver and his hours of work were dependent upon the weather.) Pay stubs from the month prior to the hearing were introduced and showed a gross pay of $901.52.
The trial court acknowledged a change in circumstances when he commented in his oral reasons for judgment that appellant had “... suffered a severe financial set back in his employment....” Because of the significant change in circumstances appellant is entitled to a reduction in the amount awarded.
Appellant argues that the alimony award exceeds one-third of his income in that he has .been ordered to pay $150 a month in alimony in addition to providing a house comparable to the one in which his minor child and former wife currently reside. (Evidence at trial established such a house would cost approximately $200 a month.) He argues he will be paying a total of $350 as alimony, which is more than one-third of his income. See, La.Civ. Code art. 160. We disagree. The house is provided for his minor child as well as for his wife. So at least until the time the child reaches majority, the obligation to provide a house is a part of his child support obligation. His argument may have merit when his obligation to support the child terminates, at which time he may seek modification from the trial court.
Appellant’s final argument is that Mrs. Legendre is capable of working and therefore the alimony should be decreased. Certainly "a wife’s earning capacity is one factor to be considered in determining the entitlement and amount of alimony. La. Civ.Code art. 160. Mrs. Legendre testified she has an eighth grade education, was 49 years old at the time of the hearing and had been employed only occasionally as a worker at a voting poll. She had spent the 21 years of her marriage as a homemaker and as a mother, raising three children. She has no income other than the $150 a month alimony and $200 a month child support. She testified she had recently been looking for work at local fast-food outlets but had not found a job. She does not own an automobile and must rely on friends to provide transportation.
The trial court did not address this issue. We conclude Mrs. Legendre’s earning capacity is extremely limited. Her age, her lack of training and education, her lack of job experience and her transportation problems put her at a severe disadvantage in a competitive job market. Therefore, we find no merit in appellant’s argument that the alimony should be reduced because of her lack of employment. Should she later be successful in her attempt to obtain a job, appellant can request that the trial court reconsider the situation.
For these reasons, considering the financial circumstances of the parties, we amend the judgment of the trial court to provide that appellant Ray Legendre Sr. pay child support in the sum of $140 a month until the minor child reaches the age of majority. In all other aspects, the judgment is affirmed. Costs of this appeal are to be paid by appellee.
AMENDED IN PART; AND AS AMENDED, AFFIRMED.

. Mr. Legendre was employed on a sugar plantation. A benefit of his former position as supply room clerk was two rent-free houses located on the plantation grounds. He and his new family resided in one; his son and former wife resided in the other.

. The trial court commented that the judgment was the result of an agreement between the parties.