FORET, Judge.
The issue in this child support case is whether or not a change in circumstances sufficient to justify an increase in child support has been shown by the defendant.
On January 15, 1982, a default judgment of legal separation was rendered in favor of Irvin Vaughn. The judgment of separation provided for child support as follows:
“And awarding the exclusive use of the family home to Colleen Johnson Vaughn, until the community property is partitioned, and ordering Irvin Vaughn, Jr., to pay the house note on said home until the community property is partitioned, condemning him to pay tuition at private school for both of his minor children, nursery school expenses after school and during vacation time and ONE HUNDRED FIFTY AND NO/100 ($150.00) DOLLARS, per month, and after the partition or sale of the family home that he be condemned to pay private school tuition for both of the children, nursery expenses after school, and during summer vacation and THREE HUNDRED AND NO/100 ($300.00) DOLLARS, as child support.”
Irvin filed a petition for divorce on May 20, 1985, providing for the same child support rendered in the judgment of separation. Colleen filed an answer and recon-ventional demand seeking an increase in child support because of a buy/sell agreement for the sale of the home and the fact that the needs of the children had changed.
After hearing the rules filed, the trial court, on June 28, 1985, ordered Irvin to pay $300 per month per child, $90 babysitter expenses, all medical and dental expenses, and all private school expenses.
The trial court reasoned as follows:
“The Court is going to find — it finds, rather, that the evidence in this matter necessitates a greater amount than three hundred dollars, which the previous judgment of separation provided for. This sum is insufficient to maintain the children in the manner in which they enjoyed prior to the separation, and of course prior to the selling of the community home.”
Since the legal separation, Irvin paid the house note, taxes and insurance on the home, which totaled approximately $425 per month. Additionally, an average of $120 was paid for babysitters, and $150 cash support.
Upon sale of the family home, Colleen received $30,942.98, which comprised her half share of the equity in the home. However, Mrs. Vaughn’s expected rent is higher than the $355 note which Mr. Vaughn had on the family home.
Relying on the case of Legendre v. Legendre, 451 So.2d 1330 (La.App. 1 Cir. 1984), Irvin argues that the sale of the family home was an occurrence contemplated by the parties and that upon its occurrence, there was no change in circumstances. (See trial court language on the first page of this review.) This contention refers to the partition of community property, and particularly the sale of the family home. As above mentioned, the trial court had ordered that upon the sale of the family home and partition of community property, the $150 per month child support would be increased to $300. We agree with the holding in Legendre, but find it inapposite here. In this case, Colleen has alleged that there were other changes in circumstances, namely that Irvin was making more money than he was at the time of the prior award, and that she was making less money and/or had more expenses. Irvin contends that Colleen did not carry her burden of proving a change in circumstances sufficient to justify an increase in child support. We disagree.
*1087 After reviewing the record, we find no manifest error in the trial court’s conclusion that the financial circumstances of Colleen and Irvin had changed sufficiently to justify a change in child support. Colleen’s total expenses were shown to have exceeded the amount she now earns, and some of the expenses are attributable directly to the minor children remaining in her custody, On the other hand, Irvin’s salary has increased.
Appellant does not contend that the award exceeded the needs of his children. He merely contends that the award is excessive in light of his circumstances and ability to pay. However, the record reflects (according to paycheck stubs and income tax returns) that Irvin grossed $38,-692.48 in 1982 and netted $27,788.45. This figure represents an average monthly net of $2,315.70. In 1984, Irvin grossed $45,-391.10; he netted $32,725.82, which yielded an average monthly net of $2,727.15. In 1985, for 5V2 months (January 1 through June 15) for which records appear, Irvin grossed $21,115.54 and netted $14,906.85, for an average monthly net of $2,710.34. Colleen’s income is approximately $225.00 less per month than at the time of the original award.
The record reflects that at the time of the hearings on these rules, Irvin was netting $400.00 per month more than at the time of the judgment of separation. Additionally, the only increase in expenses anticipated by Irvin is that his housing expense would go up from $250.00 per month to an estimated $355.00 per month, if he purchased a new home as intended. Conversely, Colleen has shown an increase in her anticipated monthly expenses for the children of approximately $400.00 per month, excluding child care and tuition, which Irvin is to pay, and $335.00 per month increase for herself. The increase includes the rental of a house and consequent utilities.
For the foregoing reasons, we affirm the judgment granting the increase of the child support award. Appellant is to be taxed for all costs of these proceedings.
AFFIRMED.