SAVOIE, Judge.
This is an appeal from the trial court of a judgment setting amounts of child support and periodic post-divorce alimony.
FACTS
Monique and Christopher Cenac were married in 1969 while Christopher Cenac was in medical school. Mrs. Cenac at that time had graduated from college and was employed by New Orleans Public Service as a Home Economist. She worked until 1973 when she resigned pending the birth of their first child. She has not worked since 1973, and has had two additional children during the marriage. Dr. and Mrs. Cenac were divorced in 1985.
On November 25, 1985, the trial court issued a judgment ordering Dr. Cenac to pay $617.71 a month alimony, (terming it pendente lite), along with $972.50 child support per month, per child.[1] The trial court limited the duration of the alimony to one year. This judgment was not appealed, and thus became final, and will not be addressed by this court.[2] See LSA-C.C.P. art. 3943, setting the time for appeals in alimony award cases.
At the time of this initial judgment, Mrs. Cenac and the three minor children were residing in Oak Grove Plantation, a home *647 with a $15,000.00 a month mortgage. Subsequent to the 1985 judgment, Dr. Cenac filed bankruptcy proceedings due to large losses in oil related investments. As a result of those proceedings, Dr. and Mrs. Cenac lost Oak Grove Plantation and Mrs. Cenac was forced to search for a new residence. One of the specific reservations provided for in the judgment of the trial court was for her to reapply for a change in the alimony amounts should she and the children have to find a new residence. The judgment states:
Reserving unto Monique Ellender Cenac the right to seek further alimony at that time, this alimony is based upon the current expenses of Monique Ellender Cenac and upon the basis that she and the minor children are residing in Orange Grove, any subsequent move from that domicile to a new domicile will entitle the parties to re-litigate support payments relative to housing and related expenses.
After the year had run, and the house had been lost, Mrs. Cenac filed rules to reinstate and increase child support and alimony amounts based upon her change in circumstances surrounding her need to find new housing.
The trial court, after hearing evidence on the relative financial positions of the parties issued a judgment on February 6, 1987 ordering Dr. Cenac to pay to Mrs. Cenac $600.00 in periodic post-divorce alimony (a decrease of $17.50) and child support of $1,172.50 per month, per child (an increase of $200.00 per month, per child).[3] It is from this judgment that Mrs. Cenac has appealed, claiming that the amounts of the awards are insufficient under the facts and law, and as such, amount to error on the part of the trial court.
LAW
Periodic, post-divorce alimony is governed by LSA-C.C. art. 160, which sets out the requirements for obtaining the award, and the considerations for setting the amount of the award. LSA-C.C. art. 160 states in part:
A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse.
(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets; of the spouses:
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse’s earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
(4) Permanent periodic alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries or enters into open concubinage.
LSA-C.C. art. 160(A)(1) provides that a spouse is entitled to periodic alimony if that spouse had not sufficient means for their support. LSA-C.C. 160(A)(2)(a) through (g) and (3) provide the factors to be considered in setting the amount that the claiming spouse is entitled to. Relevant particularly to this case are LSA-C.C. art. 160(A)(2)(f) and art. 160(A)(3).
LSA-C.C. art. 160(A)(2)(f) instructs the court to take into consideration the obligations to support or care for dependent children. Mrs. Cenac was granted custody *648 of three minor children. As such, she is responsible for the care, nurturing, supervision and discipline of the children. A father has the obligation to provide housing and a standard of living which his station in life will provide. See Legendre v. Legendre, 451 So.2d 1330, 1333 (La.App. 1st Cir.1984). The father without custody does this by paying alimony and child support to his prior spouse and children.
Further, LSA-C.C. art. 160(A)(3) instructs the court to consider the claimant spouse’s earning capacity in deciding whether the spouse can claim alimony, but qualifies this consideration by instructing the court to consider this capacity “in light of all other circumstances.” One of the circumstances which is considered must include those obligations alluded to in LSA-C.C. art. 160(A)(2)(f).
The trial court is vested with great discretion in deciding the weight of those circumstances, and therefore the amount of the payments. The ruling will not be disturbed absent abuse of that discretion. See Gerstner v. Stringer, 205 La. 791, 18 So.2d 195 (1944).
In the most recent supreme court case of Hegre v. Hegre, 483 So.2d 920 (La.1986), the court looked at factors to be considered in setting the amount of alimony that the claiming spouse was entitled to. In Hegre, the court looked at the relative position of the spouses. Dr. Hegre’s income and earning capacity were substantial, just as Dr. Cenac’s in this case. Dr. Hegre was an individual medical practitioner who had recently been discharged in bankruptcy. His practice had grossed $330,364.75 in eleven months of 1983. Dr. Cenac also has grossed $273,215.00 in his practice in 1985. Dr. Hegre paid most of his expenses through the practice just as Dr. Cenac does. All of these factors were weighed by the Court against the needs of Mrs. Hegre.
As to Mrs. Hegre’s status, she had given up a position as a nurse when she became pregnant with her and Dr. Hegre’s first child. She, just as Ms. Cenac, had not worked since that time. She, just as Ms. Cenac, had no other means of support. The court in considering these factors upheld an award of $2,200.00 plus income taxes on that sum, medical, dental and automobile expenses. Ms. Hegre was awarded this amount despite not having custody of any minor children.
Also, in Teasdel v. Teasdel, 493 So.2d 1165 (La.1986), another case involving LSA-C.C. art. 160, the supreme court again had a chance to elaborate upon the means needs test required by LSA-C.C. art. 160. Even though Ms. Teasdel had a degree in sociology, the supreme court upheld an award of alimony stating:
There is no question that permanent alimony is a pension which is designed to prevent a former spouse from becoming a public charge. Despite the testimony that she has some minimal earning capacity, her age, health, lack of job experience and training make it unlikely that Patricia Church would have a favored position in the job market. She has made a good faith effort to find employment, and it is obvious that she would not be existing on borrowed money and the charity of friends if she were in fact able to find a job.
The lower courts were manifestly erroneous in finding that Patricia Church has an “earning capability” or “earning capacity” which makes alimony for her unnecessary. Despite speculation about her employment potential, there is no evidence that any job is available in metropolitan New Orleans for Patricia Church. There is no proof that alimony for her is unnecessary. On the contrary, the evidence is that she has suffered privation for lack of support. (Emphasis added). 493 So.2d at 1168.
Monique Cenac closely fits the pattern that is represented in these two cases. She quit work in order to raise a family. She has not worked for a substantial length of time. The job market in Louisiana at this time is hard enough for new graduates, but is even a greater problem for women in the position of Mrs. Cenac. She also must be available for the needs of her and Dr. Ce-nac’s minor children.
CONCLUSION
The award of $600.00 in periodic post-divorce alimony was an abuse of discretion in light of Teasdel and Hegre. Af *649 ter reserving the right to relitigate the issue of support in the initial 1985 judgment, Monique Cenac lost her home and was forced to find a new residence for herself and her minor children. Despite this obvious change in circumstance, the trial judge chose to reduce the alimony to Mrs. Cenac, and to only increase child support by a total of $600.00. These figures are not sufficient to afford the children and Mrs. Cenac with that which the law requires. Mrs. Cenac unquestionably has additional expenses for housing that were not present at the time of the initial judgment. Additionally, Dr. Cenac has discharged over six million dollars in debt, while retaining his still substantial income from his medical practice. To reduce the alimony amount owed to Mrs. Cenac under these circumstances was error. This court under its authority as reviewer of fact as well as law, sets alimony for Monique Cenac at $1,000.00 per month as being reasonable under the facts of this case.
As to the judgment increasing child support, this court finds no abuse of discretion and that award will not be disturbed.
The judgment of the trial court is reformed to the point of allowing periodic post-divorce alimony to Monique Cenac of $1,000.00 per month, while allowing the remainder of the judgment to stand. Said amount to be retroactive from date of original rule, LSA-R.S. 9:310(A), subject to reductions for past paid amounts, LSA-R.S. 9:310(B). All costs of this appeal are to be shared equally between the parties.
AMENDED IN PART AND AFFIRMED IN PART.
APPENDIX I
State of Louisiana
32nd Judicial District Court
Parish of Terrebonne
Christopher Everett Cenac, Sr.
vs.
Monique Ellender Cenac
No. 74874
JUDGMENT
This matter came on for hearing on Thursday, November 14, 1985, on Cross Rules for Custody, and Monique Ellender Cenac’s Rules for Use and Occupancy of the Family Home, Child Support and Alimony.
PRESENT: ROBERT C. LOWE and TERENCE L. HAUVER, Attorneys for/and MONIQUE ELLENDER CE-NAC
KIETH M. WHIPPLE and VANESSA WHIPPLE, Attorneys for/and CHRISTOPHER EVERETT CENAC, SR.
After considering the pleadings filed herein, the testimony of the witnesses, and the evidenced adduced, the court finds that the law and evidence is such that the sole care, custody, and control of the minor children of the marriage should be vested in Monique Ellender Cenac, that she should be awarded the use and occupancy of the family home, and alimony and child support; therefore,
IT IS ORDERED, ADJUDGED AND DECREED that the sole care, custody, and control of the minor children of the marriage between Monique Ellender Cenac and Christopher Everett Cenac, Sr., be and is hereby vested in Monique Ellender Cenac, subject to visitation rights in favor of Christopher Everett Cenac, Sr., as follows: Christopher Everett Cenac, Sr. is to have visitation with the minor children of the marriage from Friday at 5:00 o’clock P.M. until Sunday at 5:00 o’clock P.M. on each of the first three week-ends in any month in which there are only four weeks, and on each of the first four week-ends in any month in which there are five weeks; he must call on Thursdays by 5:00 o’clock P.M. before every week-end on which he is entitled to visitation in order to exercise that visitation; failure to make the required call on Thursdays, by not later than 5:00 o’clock P.M., will result in the forfeiture of the right to exercise visitation for that upcoming week-end; Christopher Everett Cenac, Sr. shall have visitation with the minor children on the following holidays beginning at 8:00 o’clock A.M. on the day of visitation and ending on 7:00 o’clock P.M. on that day: in 1985, Thanksgiving *650 Day and Christmas Day; in 1986, New Year’s Day, Mardi Gras Day, Easter, and the Fourth of July; Monique Ellender Ce-nac shall have physical custody of the minor children on those same holidays during the period of Thanksgiving, 1986, through the Fourth of July, 1987; the parents shall alternate those holidays annually thereafter; if a holiday falls on a week-end, the holiday visitation schedule will override the otherwise normal week-end visitation schedule;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Christopher Everett Cenac, Sr. be and is hereby ordered to pay alimony pendente lite to Monique Ellender Cenac in the full and true sum of SIX HUNDRED AND SEVENTEEN DOLLARS AND 71/100 ($617.71) payable in two semi-monthly installments of $308.85 on the first day of each month and $308.86 on the fifteenth day of each month, effective November 15, 1985, and continuing for a period of one year, through and including the payment due on November 1, 1986; alimony payments subsequent to the payment due on November 1, 1986 will cease, reserving unto Monique Ellender Cenac the right to seek further alimony at that time; this alimony is based upon the current expenses of Monique Ellender Cenac and upon the basis that she and the minor children are residing in Orange Grove, any subsequent move from that domicile to a new domicile will entitle the parties to relitigate support payments relative to housing and related expenses;
IS FURTHER ORDERED, ADJUDGED AND DECREED that Christopher Cenac, Sr. be and is hereby ordered to pay child support to Monique Ellender Cenac for the support of the minor children of the marriage in the full and true sum of NINE HUNDRED AND SEVENTY-TWO DOLLARS AND 50/100 ($972.50) per month per child, payable in two equal semi-monthly installments of $486.25 per month per child, effective November 15, 1985;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Christopher Everett Cenac, Sr., be and is hereby ordered to continue making the following direct payments, mortgage note in same manner as paid prior to hearing, to include principal, interest, taxes, and insurance, on the former matrimonial domcile, Orange Grove; yard maintenance and house repairs to Orange-Grove; all medical, dental, and drug expenses not covered by insurance for Monique Ellender Cenac and the minor children of the marriage; hospitalization insurance, on the minor children of the marriage; all tuition and lunch expenses of the minor children of the marriage; and automobile mortgage note, if any, on the vehicle being driven by Monique Ellender Cenac.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Dr. Cenac shall have tax credit for child support.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the use and occupancy or the family home be and is hereby awarded to Monique Ellender Ce-nac.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the costs of this proceedings be divided equally between the parties.
JUDGMENT RENDERED in Open Court with all counsel and parties present, on Thursday, November 14, 1985.
JUDGMENT READ AND SIGNED in Open Court, this 25th day of November, 1985.
(s) Edward J. Gaidry JUDGE
Filed Nov. 26, 1985.
APPENDIX II
State of Louisiana
32nd Judicial District Court
Parish of Terrebonne
Christopher Everette Cenac, Sr.
vs.
Monique Ellender Cenac
JUDGMENT
This matter came on for hearing on the 30th day of January, 1987, on MONIQUE E. CENAC’S Rule to Reinstate and Increase Permanent Alimony, Increase Child Support, Rule for Contempt, and Rule for Psychological Evaluation.
*651 PRESENT: ROBERT C. LOWE and EDITH H. MORRIS, Attorneys for/and MONIQUE E. CENAC; and
KEITH M. WHIPPLE and VANESSA WHIPPLE, Attorneys for/and CHRISTOPHER E. CENAC.
When, after considering the pleadings filed herein, the testimony of the witnesses, the evidence adduced, for the reasons orally assigned.
IT IS ORDERED, ADJUDGED, AND DECREED that MONIQUE E. CENAC’S rule for psychological evaluation be made absolute; accordingly, MONIQUE E. CE-NAC and CHRISTOPHER E. CENAC and children be and they are hereby ordered to be evaluated by Dr. Lincoln D. Paine, in New Orleans, Louisiana, and to fully cooperate with that physician concerning his recommendations for testing and treatment. The appointed physician will contact the attorneys to set up the necessary times for evaluation within 30 days from January 30, 1987. If that physician believes that the children should be evaluated and/or treated, both parties shall cooperate fully concerning that. All costs of Dr. Cenac’s evaluation and treatment and that of the three children, if necessary, shall be borne by him. Mrs. Cenac shall bear the cost of her evaluation and treatment, if necessary.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that CHRISTOPHER E. CENAC shall pay permanent alimony to MONIQUE E. CENAC in the full and true sum of Six Hundred ($600.00) per month, payable in two semi-monthly installments of Three Hundred ($300.00) on the 1st day of each month and Three Hundred ($300.00) on the 15th day of each month, effective February 1, 1987.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the child support of Nine Hundred Seventy-Two and 50/100 Dollars ($972.50) per month per child, ordered by this Court on November 25, 1985, be and the same is hereby increased to One Thousand One Hundred Seventy-Two and 50/100 Dollars ($1,172.50) per month per child, payable in two equal semi-monthly installments of One Thousand Seven Hundred Fifty-Eight and 75/100 Dollars ($1,758.75) each, on the first and fifteenth days of each month, commencing February 1, 1987. Additionally, in accordance with this Court’s Judgment of November 25, 1985, CHRISTOPHER E. CENAC is hereby ordered to continue making the following direct payments: all medical, dental and drug expenses not covered by insurance for MONIQUE E. CENAC and the minor children of the marriage; hospitalization insurance for the minor children of the marriage; all tuition and lunch expenses of the minor children of the marriage; and the automobile mortgage note, if any, on the vehicle being driven by MONIQUE E. CENAC.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, upon the motion of MONIQUE E. CENAC, her Rule for Contempt be and the same is hereby dismissed, without prejudice.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the costs of this proceeding shall be borne one-half by each of the parties, except that CHRISTOPHER E. CENAC shall pay the fees of any and all experts who testified.
Cost to be divided equally.
JUDGMENT READ, RENDERED AND SIGNED in Open Court at Houma, Louisiana, on this 6th day of February, 1987.
(s) Edward J. Gaidry JUDGE
Filed Feb. 6, 1987.

. See text of Judgment dated November 25, 1985 in Appendix I.

. This court expressly refuses to rule on the propriety of one year limited periodic post-divorce alimony, but see Hegre v. Hegre, 483 So.2d 920 (La.1986), Spaht, Developments in the Law —Persons, 41 La.L.Rev. 372 (1981).

. See text of Judgment dated February 6, 1987 in Appendix II.