EDWARDS, Judge.
From a judgment ordering plaintiff to undergo a psychological evaluation, plaintiff has appealed.
FACTS AND PROCEDURAL HISTORY
The facts of this case are not in dispute.[1] In a judgment signed February 6, 1987, the trial court granted a “Rule for Psychological Evaluation” filed on behalf of Monique Cenac. The judgment ordered Ms. Cenac, Dr. Cenac and their children to undergo psychological evaluation by a health care professional. Dr. Cenac then, on either February 24 or March 2, 1987, filed a motion for new trial.[2] On March 13,1987, Dr. Cenac filed a motion for stay order which was denied. On March 16, 1987, this court ordered a stay of the February 6 judgment pending the outcome of the previously filed motion for new trial. On April 10, 1987, the trial court denied Dr. Cenac’s motion for new trial.[3] On April 30, 1987, Dr. Ce-nac filed a motion for suspensive appeal, a motion for devolutive appeal and a motion for stay order. The suspensive appeal was denied under LSA-C.C.P. art. 3943. The motion for devolutive appeal was granted along with a twenty day stay of the February 6 order. On November 6, 1987, the supreme court in 514 So.2d 115 stayed the order of the trial court pending the outcome of this appeal.
LAW
The legal issue presented concerns the application of LSA-C.C. art. 146(H). LSA-C.C. art. 146(H) provides:
In a custody or visitation proceeding, an evaluation may be ordered on the motion of either party. The evaluation shall be made by a mental health professional agreed upon by the parties or selected by the court. The court may apportion the costs of the investigation between the parties and shall order both parties and the children to submit to and cooperate in the evaluation, testing, or interview by the mental health professional. The mental health professional shall provide the court and both parties with a written report. The mental health *653 professional shall serve as the witness of the court subject to cross-examination by either party. For the purposes of this Article, “mental health professional” means a psychiatrist or a person who possesses a Master’s degree in counseling, social work, psychology, or marriage and family counseling, (emphasis added).
Dr. Cenac complains that the trial court exceeded its authority under LSA-C.C. art. 146(H) when it ordered him to undergo psychological testing. He maintains that LSA-C.C. art. 146(H), while authorizing orders for psychological evaluations, first requires that there be a custody or visitation proceeding before the court and that no such proceedings were present in this case. We disagree.
This case involves long and often bitter court battles between Dr. and Ms. Cenac concerning their domestic relations.[4] The February 6 judgment actually disposes of numerous rules filed by both Dr. Cenac and Ms. Cenac. Among these were a rule to increase child support as well as a rule for contempt filed by Ms. Cenac against Dr. Cenac for violations of the visitation plan. The question, then, for this court to answer is whether these domestic proceedings can be characterized as custody or visitation proceedings so as to give rise to authority under LSA-C.C. art. 146(H) for the trial judge to order psychological evaluations. We find that they are.
Child custody and child support are addressed in LSA-C.C. art. 146. The article, in its entirety, envisions that the parents of a child, pending litigation, should first submit a plan for custody and child support. See LSA-C.C. art. 146(A)(1)(c). Child support and child custody are so interrelated that the legislature has chosen to treat them within the same article.
If there is a dispute which arises over custody or support, the article permits the court to submit a plan of its own. In order that the court be properly informed of matters pertaining to preparing or modifying that plan, LSA-C.C. art. 146(H) permits the court to order that professionals evaluate the family and prepare a report for the court. LSA-C.C. art. 146(A)(1)(a), (b) and (c) states, in part:
(1) ... A plan of implementation shall allocate the time periods each parent shall enjoy physical custody of the children and the legal authority, privileges and responsibilities of the parents. The plan may also include such considerations as the following:
(a) Designation of the child’s legal domicile.
(b) Rights of access and communication between the respective parents and the child or children.
(c) Child support.
LSA-C.C. art. 146(H), which authorizes psychological evaluations, is but a device the court may use in preparing the plan of implementation relating to the children.
The rules before the court that culminated in the February 6 judgment involved a change in child support and a dispute over the father’s visitation with the children. A rule for contempt for violation of child visitation plans is part and parcel of a “visitation” proceeding. We conclude that the trial judge had authority under LSA-C.C. art. 146(H) to order the evaluations.
Additionally, the trial judge is granted great discretion in matters covered under LSA-C.C. art. 146. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). Further, the trial judge sits as a sort of fiduciary on behalf of the children. Turner v. Turner, 455 So.2d 1374 (La.1984).
In this case the trial judge, in ordering psychological evaluations, stated:
I believe that both Dr. Cenac and Mrs. Cenac have psychological problems when it comes to their relationship as a result of their divorce. It seems to the Court that there can be nothing but psychological problems that will develop with their children if they continue to bicker the way that they have done over the last three years. The Court is very concerned that it will have an adverse affect on the children, potentially an *654 adverse affect upon Mrs. Cenac as well as Dr. Cenac. (emphasis added).
Because we find that the proceedings were “custody or visitation” proceedings and that no abuse of discretion has taken place, we affirm the trial court, with all costs of this appeal to be paid by the appellant.
AFFIRMED.

. For a more thorough review of the facts leading to this appeal, see CA 87 0889. 538 So.2d 646.

. It is unclear from the record on just what day the motion was filed. The motion contains two date stamps from the Clerk of Court, but due to the subsequent history of the case, the court finds it unnecessary to decide which date is correct.

.The trial court also ruled that the motion was filed timely. While the record does not show why the trial judge ruled that the motion was timely, that ruling has not been appealed and has become final.

. See CA 87 0889, 538 So.2d 646.